*SWAIN, J.*
*PART I*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/07
```

------------------------------------x

ABN AMRO MORTGAGE GROUP, INC.,

            Plaintiff,

  -against-

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF and
RICHARD A. LEFF,

            Defendants.

------------------------------------x

Case No. 07- CV 7657

ORDER TO SHOW CAUSE FOR
ORDER OF ATTACHMENT,
TEMPORARY RESTRAINING
ORDER, PRELIMINARY
INJUNCTION, AND ORDER
ALLOWING EXPEDITED THIRD-
PARTY DISCOVERY

 

Upon the accompanying affidavit of Lorie Miller, sworn to on August 28, 2007, the Declaration of Omar A. Shakoor dated August 28, 2007, the Memorandum of Law dated August 28, 2007, and the Complaint, it is hereby:

ORDERED, that defendants National Settlement Agency, Inc. ("NSA"), Steven M. Leff ("Steven Leff"), and Rachel M. Leff ("Rachel Leff") (collectively, "Defendants") or their attorneys show cause before this Court at Room 17C, United States Courthouse, 500 Pearl Street, New York, New York 10007 on the 4th day of September 2007 at 11:30 AM or as soon thereafter as counsel can be heard:

    1.    Why an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. Article 62 should not be entered against the assets of Defendants, and any interest of Defendants in personal or real property or any debt owed to Defendants situated in the State of New York sufficient to ensure satisfaction of a judgment of $2,261,744.10, plus interest, costs, disbursements, and fees, *over and above any potential judgment as to which temporary relief has previously been entered* and

C018858/0201460/1405181.1

2. Why a preliminary injunction should not be entered pursuant to Fed. R. Civ. P. 65 enjoining Defendants, their garnishees, officers, directors, partners, affiliates, agents, employees, assigns, and any entities or individuals acting on their behalf, during the pendency of this action, from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of the Defendants' assets, or paying any debt owed to Defendants, up to $2,261,744.10, plus interest, costs, disbursements, and fees, but excluding the ordinary and usual living and business expenses of Defendants; and [*over and above any potential judgment as to which temporary relief has previously been entered*]

3. Why an order allowing expedited discovery should not be entered; and

4. Why an order awarding any other relief this Court may deem just and proper should not be entered.

AND it appearing that the plaintiff has good cause for not notifying Defendants of this application because of concern that such notice would give Defendants a further opportunity to secrete assets and frustrate plaintiff's collection efforts, and that plaintiff will suffer immediate and irreparable injury by reason of its inability to determine the whereabouts of, and to collect from Defendants, money which has been illegally removed from escrow accounts in which plaintiff has a beneficial and superior interest; it is hereby

ORDERED that, pending the hearing, determination, and resolution of the within motion, Defendants, their garnishees, officers, directors, partners, affiliates, members, agents, employees, assigns and any entities or individuals acting on their behalf, are hereby restrained and enjoined from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of the named Defendants' assets, or paying any debt owed by Defendants, up to $2,261,744.10, plus interest, costs, disbursements, and fees, but excluding the ordinary and usual living and business expenses of Defendants; and it is further [*over and above any potential judgment as to which temporary relief has previously been entered*]

C018858/0201460/1405181.1

ORDERED that, pending the hearing, determination, and resolution of the within motion, the plaintiff may serve subpoenas upon JP Morgan Chase Bank and its related banks and take discovery of Defendants in order to ascertain the extent and nature of their assets; and it is further

ORDERED that, pursuant to C.P.L.R. § 6212(b), on or before 8/30/2007, plaintiff shall post an undertaking in the amount of $10,000; and it is further

ORDERED that a copy of this Order and of the papers upon which it is based shall be served by overnight delivery, on or before August __, 2007, upon: (a) NSA and attorney Richard A. Leff at the offices of NSA located at 404 Park Avenue South, 5th Floor, New York, New York 10016 (b) Steven M. Leff at 15 Anvil Ct., East Hampton, New York 11937 and c/o his counsel, Michael Soshnick, Esq., 190 Willis Avenue, Suite 112, Mineola, New York 11501; and (c) Rachel M. Leff, at 15 Anvil Ct., East Hampton, New York 11937 and c/o her attorney Lawrence Morrison, 220 East 72nd Street, 25th Floor, New York, New York 10021; and it is further

ORDERED that opposition papers be served upon counsel to the plaintiff on a schedule to be determined at the hearing.

Dated: New York, New York
August 24, 2007

_____
United States District Judge    PART I

3

C018858/0201460/1405181.1