Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ABN AMRO MORTGAGE GROUP, INC.,

          Plaintiff,

  -against-

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF and
RICHARD A. LEFF,

          Defendants.
------------------------------------x

Case No. 07-_____

ORDER OF ATTACHMENT,
PRELIMINARY INJUNCTION, AND
ORDER ALLOWING EXPEDITED
DISCOVERY AS AGAINST
NATIONAL SETTLEMENT
AGENCY, INC., STEVEN M. LEFF
AND RACHEL M. LEFF

      Upon plaintiff ABN AMRO MORTGAGE GROUP, INC.'s Order to Show Cause, dated August __, 2007, the affidavit of Lorie Miller, sworn to on August 28, 2007, the Declaration of Omar A. Shakoor, dated August 28, 2007, and the Memorandum of Law, dated August 28, 2007, and due deliberation being had thereon;

      And plaintiff having filed a Summons and Complaint on August 28, 2007, and having filed the Order to Show Cause on _____ requiring defendants National Settlement Agency, Inc. ("NSA"), Steven M. Leff, and Rachel M. Leff ( collectively, "Defendants") to show cause why: (1) an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. Article 62, and (2) a preliminary injunction pursuant to Fed. R. Civ. P. 65 should not be entered;

      And plaintiff having filed an undertaking in the sum of _____ pursuant to the Order to Show Cause;

      And the parties having appeared before this Court on _____;

      And the Court having determined that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. §§ 6201(3) and 6212: (a) plaintiff has causes of action whereby it has demanded and would be

2

entitled to a money judgment against the named defendants in the amount of $2,261,744.10, plus interest, costs, disbursements, and fees; (b) it is probable that the plaintiff will succeed on the merits of its claims against Defendants; (c) Defendants, with intent to defraud the plaintiff or frustrate the enforcement of a judgment that might be rendered in the plaintiff's favor, have assigned, disposed of, and secreted property, and are about to continue such acts; and (d) that the amount demanded from Defendants exceeds all counterclaims known to the plaintiff; it is hereby

ORDERED that, the application for an Order of Attachment is GRANTED; and

ORDERED that, the amount to be secured by this Order of Attachment shall be $2,261,744.10, plus the legal rate of interest, costs, and United States Marshals Service's fees and expenses; and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6211, the United States Marshals Service of the Southern District of New York or of any district in the State of New York shall levy, at any time before final judgment, upon the assets of Defendants, including any interest of Defendants in personal or real property or any debt owed to Defendants situated in the State of New York, as will satisfy the above-stated amount to be secured by this Order of Attachment, and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before _____, each of the Defendants shall provide counsel to plaintiff a sworn affidavit enumerating in detail each and every bank account, parcel of property, motor vehicle, or other personal property of $10,000 of value or more, and the location and garnishee of each, and it is further

ORDERED that, pending the final resolution of this action, or an Order of this Court directing otherwise, Steven M. Leff and Rachel M. Leff, acting in their personal capacity or as

3

custodian or trustee, and NSA, and their garnishees, officers, directors, partners, affiliates, agents, employees, assigns, and any entities or individuals acting on their behalf, are restrained and enjoined from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of Steven M. Leff, Rachel M. Leff or NSA's assets, or paying any debt owed by Steven M. Leff, Rachel M. Leff or NSA, up to $2,261,744.10, plus interest, costs, disbursements, and fees, but excluding the ordinary and usual living and business expenses of Defendants; and it is further

ORDERED that, plaintiff may immediately serve subpoenas upon JP Morgan Chase Bank, or any of its related banks, and any other third party, for any purpose, including but not limited to, locating and identifying the money that plaintiff entrusted to NSA, locating and identifying other parties responsible for plaintiff's loss, and may take discovery of Defendants so as to ascertain the extent and nature of Defendants' assets.

Dated:   New York, New York
         August __, 2007

_____
United States District Judge