Case 1:07-cv-07657-LTS-GWG    Document 5-4    Filed 08/30/2007    Page 1 of 12

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,

        Plaintiff,

— against —

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100,

        Defendants.

Case No.: 07 cv 6865 (LTS)

**ORDER TO SHOW CAUSE FOR ORDER OF ATTACHMENT, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED THIRD-PARTY DISCOVERY**

---

Upon the accompanying affidavit of Nicholas J. Nyland, sworn to on August 1, 2007, the Declaration of David J. Galalis dated August 6, 2007, the Memorandum of Law dated August 6, 2007, and a copy of the complaint, it is hereby:

**ORDERED THAT,** the named defendants or their attorneys show cause before this Court at Room 15B, United States Courthouse 500 Pearl Street, New York, NY 10007 on the 7 day of August 2007 at 3 p.m.; or as soon thereafter as counsel can be heard:

(1) Why an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6201 should not be entered against the assets of the named defendants, and any interest of the named defendants in personal or real property or any debt owed to the named defendants situated in the State of New York sufficient to ensure satisfaction of a judgment of $2,349,150 plus interest, costs, disbursements, and fees; and

(2) Why a preliminary injunction should not be entered pursuant to Fed. R. Civ. P. 65 enjoining the named defendants, their garnishees, officers, directors, partners, affiliates, agents,

employees, assigns, and any entities or individuals acting on their behalf, during the pendency of this action, from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of the named defendants' assets, or paying any debt owed to the named defendants, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding the ordinary and usual living and business expenses of the named defendants; and

(3) Why an order allowing continued expedited third-party discovery should not be entered; and

(4) Why an order awarding any other relief this Court may deem just and proper should not be entered.

**AND** it appearing that the plaintiff has good cause for not notifying the named defendants of this application, because of concern that such notice would give the named defendants an opportunity to further secrete assets and frustrate plaintiff's collection efforts, and that plaintiff will suffer immediate and irreparable injury by reason of its inability to determine the whereabouts of, and to collect from the named defendants, money which has inexplicably been removed from two attorney trust or escrow accounts in which plaintiff has a beneficial and superior interest;

**AND** prior application having been made to this Court for *ex parte* relief on August 2, 2007, before Judge George B. Daniels and Judge Daniels having denied that request, without prejudice, with leave to re-move before Judge Laura T. Swain; it is hereby

**ORDERED** that, pending the hearing, determination, and resolution of the within motion, that the named defendants, their garnishees, officers, directors, partners, affiliates, members, agents, employees, assigns and any entities or individuals acting on their behalf, are hereby restrained and enjoined from directly or indirectly secreting, transferring, selling,

alienating, concealing, encumbering, or otherwise dissipating any of the named defendants' assets, or paying any debt owed by ~~to~~ the named defendants, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding the ordinary and usual living and business expenses of the named defendants; and it is further

**ORDERED** that, pending the hearing, determination, and resolution of the within motion, the plaintiff may serve subpoenas upon JP Morgan Chase Bank, and any other third party, for any purpose, including but not limited to, locating and identifying the money that IndyMac entrusted to National Settlement Agency, locating and identifying any assets of the defendants, and locating and identifying other parties responsible for IndyMac's loss; and it is further

**ORDERED** that, pursuant to C.P.L.R. § 6212(b), on or before 5:00 p.m. on August 6, 2007, plaintiff shall post an undertaking in the amount of $10,000. ~~for which ___ is conditioned on plaintiff paying any costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the named defendants' property, and the balance conditioned that the plaintiff shall pay to the Marshal all of his allowable fees. The attorney for the plaintiff shall not be liable to the Marshal for such fees. The surety on the undertaking shall not be discharged except upon notice to the Marshal; and it is further~~ —KMW

**ORDERED** that a copy of this Order and of the papers upon which it is based shall be served by hand by 5 p.m. on ~~overnight delivery, on or before~~ August 6 ~~1~~, 2007, upon: (a) National Settlement Agency, Inc. and Richard A. Leff at the offices of National Settlement Agency, Inc. located at 404 Park Avenue South, 5th Floor, New York, NY 10016 and 575 Madison Avenue, Suite 1006,

3

New York, NY 10022, (b) Steven M. Leff by his counsel Larry H. Krantz, Krantz & Berman LLP, 747 Third Avenue, 32nd Floor, New York, NY 10017, (c) Rachel M. Leff by her counsel Larry Morrison at 220 East 72nd Street, 25th Fl., New York, NY 10021, and (d) additional service upon Richard A. Leff at his residence at 10 Park Road, Short Hills, NJ 07078; and it is further

**ORDERED** that any opposition papers be served upon counsel for the plaintiff ~~by overnight delivery within three days of the return date on this order to show cause and that any reply papers be served upon the named defendants by overnight delivery within one day of the return date on this order to show cause.~~ on a schedule to be determined at the August 7, 2007 hearing.

Dated: New York, New York

August 6, 2007

ENTER: _Laura M. Wood_
United States District Judge
Part I

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff IndyMac Bank, F.S.B.

By: _____
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

Aug 07 07 06:58p          FELDMAN WEINSTEIN LLP          212 997 4242          p.2



RECEIVED
AUG 09 2007
CHAMBERS OF
LAURA TAYLOR SWAIN
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,                    :

                        Plaintiff,    :

– against –                                        :

NATIONAL SETTLEMENT AGENCY, INC.;    :
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100,    :

                       Defendants.    :

---

Case No.: 07 [illegible]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/07

**ORDER TO SHOW CAUSE FOR ORDER OF ATTACHMENT, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY**

      **WHEREAS** prior application was made to this Court for a temporary restraining order, preliminary injunction, order of attachment, and expedited third-party discovery on August 6, 2007; the court entered a temporary restraining order against all the named defendants on August 6, 2007; the court allowed expedited third-party discovery to commence on August 6, 2007; the court held a hearing on August 7, 2007 at 3:00pm before the Honorable Kimba M. Wood; Larry H. Krantz, Krantz & Berman LLP, 747 Third Avenue, 32nd Floor, New York, NY 10017, criminal counsel for Steven M. Leff, appeared and stated on the record that he does not represent Steven M. Leff in this action and that neither Steven M. Leff nor National Settlement Agency, Inc. were making an appearance in this action;

      **NOW THEREFORE** upon the Order to Show Cause "so ordered" by the Honorable Kimba M. Wood on August 6, 2007 and its accompanying papers (affidavit of Nicholas J. Nyland, sworn to on August 1, 2007, the Declaration of David J. Galalis dated August 6, 2007, the Memorandum of Law dated August 6, 2007, and a copy of the complaint), and upon the

Declaration of David J. Galalis dated August 7, 2007, it is hereby:

**ORDERED THAT**, Steven M. Leff and National Settlement Agency, Inc. show cause before this Court at Room 15B, United States Courthouse 500 Pearl Street, New York, NY 10007 on the 16th day of August 2007 at 3:00 p.m., or as soon thereafter as counsel can be heard:

(1) Why an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6201 should not be entered against the assets of Steven M. Leff and National Settlement Agency, Inc., and any interest of Steven M. Leff or National Settlement Agency, Inc. in personal or real property or any debt owed to Steven M. Leff or National Settlement Agency, Inc. situated in the State of New York sufficient to ensure satisfaction of a judgment of $2,349,150 plus interest, costs, disbursements, and fees; and

(2) Why a preliminary injunction should not be entered pursuant to Fed. R. Civ. P. 65 enjoining Steven M. Leff and National Settlement Agency, Inc., their garnishees, officers, directors, partners, affiliates, agents, employees, assigns, and any entities or individuals acting on their behalf, during the pendency of this action, from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of Steven M. Leff's or National Settlement Agency Inc.'s assets, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding ordinary and usual living and business expenses; and

(3) Why an order allowing continued expedited third-party discovery should not be entered; and

(4) Why an order allowing expedited discovery against Steven M. Leff and National Settlement Agency, Inc. should not be entered; and

(5) Why an order awarding any other relief this Court may deem just and proper should not be entered; and it is further

**ORDERED** that a copy of this Order, the Order to Show Cause "so ordered" by the Honorable Kimba M. Wood on August 6, 2007 and the papers upon which it was based, and the Declaration of David J. Galalis dated August 7, 2007 shall be served by hand upon Steven M. Leff and National Settlement Agency, Inc. on or before 5:00pm, August 10, 2007; Rachel M. Leff shall be served with this Order to Show Cause and the Declaration of David J. Galalis dated August 7, 2007 by overnight mail through Larry Morrison at 220 East 72nd Street, 25th Fl., New York, NY 10021 by August 8, 2007; Richard A. Leff shall be served with this Order to Show Cause and the Declaration of David J. Galalis dated August 7, 2007 by overnight mail through Michael L. Soshnick, 190 Willis Avenue, Suite 112, Mineola, NY 11501 by August 8, 2007; and it is further

**ORDERED** that any opposition papers be served upon counsel for the plaintiff so that they are received within two days of the return date on this order to show cause.

Dated: New York, New York
August 8, 2007

SO ORDERED: /s/ Kimba M. Wood
United States District Judge

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff IndyMac Bank, F.S.B.

By: _____
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/07
```

INDYMAC BANK, F.S.B.,  :  Case No.: 07 cv 6865 (LTS)

          Plaintiff,

  – against –

NATIONAL SETTLEMENT AGENCY, INC.;  :  **ORDER OF ATTACHMENT,**
STEVEN M. LEFF; RACHEL M. LEFF;    **PRELIMINARY INJUNCTION,**
RICHARD A. LEFF; JOHN DOES 1–100,  :  **AND ORDER ALLOWING**
    **EXPEDITED DISCOVERY**

          Defendants.  :  **AS AGAINST STEVEN M. LEFF**
    **AND NATIONAL SETTLEMENT**
  :  **AGENCY, INC.**

    **UPON** plaintiff IndyMac Bank, F.S.B.'s Orders to Show Cause dated August 6 and 8, 2007, the Affidavit of Nicholas J. Nyland sworn to August 1, 2007, the Declaration of David J. Galalis dated August 6, 2007, the Memorandum of Law dated August 6, 2007, and the Declaration of David J. Galalis dated August 7, 2007 and due deliberation being had thereon;

    **AND** plaintiff having filed a Summons and Complaint on July 31, 2007 and the Order to Show Cause having been filed on August 14, 2007 requiring Steven M. Leff and National Settlement Agency, Inc. to show cause why the following orders should not be entered: (1) an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6201, (2) a preliminary injunction pursuant to Fed. R. Civ. P. 65; (3) an order allowing continued expedited third-party discovery; and (4) an order allowing expedited discovery against Steven M. Leff and National Settlement Agency, Inc.;

    **AND** plaintiff having filed an undertaking in the sum of $10,000 pursuant to the Order to Show Cause dated August 6, 2007;

**AND** Steven M. Leff and National Settlement Agency, Inc. having been served through Larry H. Krantz, Esq., Krantz & Berman, 747 Third Avenue, 32nd Floor, New York, NY 10017 on August 8, 2007 with the Order to Show Cause dated August 8, 2007, directing them to appear before this court on this day;

**AND** the plaintiff having appeared before this Court on August 16, 2007 and Steven M. Leff having *appeared by Michael Soshnick,* and National Settlement Agency, Inc. having *failed to appear*;

**AND** the Court having determined, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. §§ 6201(3) and 6212 that: (a) plaintiff has causes of action whereby it has demanded and would be entitled to a money judgment against Steven M. Leff and National Settlement Agency, Inc. in the amount of $2,349,150.00, plus interest, costs, and disbursements, (b) it is probable that the plaintiff will succeed on the merits of its claims against Steven M. Leff and National Settlement Agency, Inc., (c) Steven M. Leff and National Settlement Agency, Inc. with intent to defraud the plaintiff or frustrate the enforcement of a judgment that might be rendered in the plaintiff's favor, have assigned, disposed of, and secreted property, and are about to continue such acts, and (d) the amount demanded from Steven M. Leff and National Settlement Agency, Inc. exceeds all counterclaims known to the plaintiff;

**IT IS HEREBY ORDERED THAT** the amount to be secured by this Order of Attachment shall be $2,349,150.00 plus the legal rate of interest thereon from June 13, 2007, costs, and United States Marshals Service's fees and expenses; and it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. §§ 6210 & 6211(a), the United States Marshals Service of the Southern District of New York or of any district in the State of New York shall levy, at any time before final judgment, upon the joint or respective

assets of Steven M. Leff and National Settlement Agency, Inc. situated in the State of New York, including but not limited to, any interest of Steven M. Leff or National Settlement Agency, Inc. in personal or real property, any debt owed to Steven M. Leff or National Settlement Agency, Inc., or any investment accounts and investments, including commercial paper, which any third-party (including JP Morgan Chase) keeps in trust or possession for the benefit of National Settlement Agency, Inc., Steven M. Leff, Samuel (Sam or Sammy) Leff, or Ryan Leff, as will satisfy the above-stated amount to be secured by this Order of Attachment; and it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before August 20, 2007 Steven M. Leff and National Settlement Agency, Inc. shall provide counsel for plaintiff a sworn affidavit enumerating in detail each and every bank account, investment account, investment, commercial paper, parcel of real property, motor vehicle, watercraft, or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each; and it is further

**ORDERED** that, pending the final resolution of this action, or an Order of this Court directing otherwise, Steven M. Leff, acting in his personal capacity or as custodian or trustee, and National Settlement Agency, Inc. and their garnishees, officers, directors, partners, affiliates, agents, employees, assigns, and any entities or individuals acting on their behalf, are restrained and enjoined from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of Steven M. Leff or National Settlement Agency Inc.'s assets, or paying any debt owed by Steven M. Leff or National Settlement Agency, Inc., up to $2,349,150.00 plus interest, costs, disbursements, and fees, but excluding ordinary and usual living and business expenses; and it is further

**ORDERED** that the plaintiff may immediately begin taking discovery from Steven M. Leff and National Settlement Agency, Inc. and may continue to serve subpoenas upon JP Morgan Chase Bank, and any other third party, for any purpose.

Dated: New York, New York

    8-16-07                          SO ORDERED: /s/ Laura M. Wood
                                                       United States District Judge

                                                                 PART I

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff IndyMac Bank, F.S.B.

By: /s/
    Eric Weinstein (EW 5423)
Yong Hak Kim (Of Counsel)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

4