Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/07
```

---

INDYMAC BANK, F.S.B.,                          :

                              Plaintiff,       :       Case No.: 07 cv 6865 (LTS)

                                               :

    – against –                                :

                                               :       **ORDER TO SHOW CAUSE FOR
                                                       (1) ORDER OF ATTACHMENT,
NATIONAL   SETTLEMENT    AGENCY,   INC.; :      (2) PRELIMINARY INJUNCTION,
STEVEN   M.   LEFF;   RACHEL   M.   LEFF;       AND (3) EXPEDITED DISCOVERY,
RICHARD A. LEFF; JOHN DOES 1–100,       :       WITH TEMPORARY RESTRAINTS**

                              Defendants.       :

---

        Upon the pleadings and the previously-submitted affidavit of Nicholas J. Nyland, sworn

to on August 1, 2007, the Declaration of Eric Weinstein, dated August 16, 2007, and the

Memorandum of Law dated August 16, 2007, it is hereby:

        **ORDERED THAT,** defendant Rachel Leff or her attorneys show cause before this Court

at Room 17 -C, United States Courthouse 500 Pearl Street, New York, NY 10007 on the

21st day of August 2007 at 11:00 a.m./p.m., or as soon thereafter as counsel can be

heard:

        (1)     Why an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6201

should not be entered against the assets of Rachel M. Leff, and any interest of her in personal or

real property (personal and custodial) or any debt owed to her in the State of New York

sufficient to ensure satisfaction of a judgment of $2,349,150.00 plus interest, costs,

disbursements, and fees; and

        (2)     Why a preliminary injunction should not be entered pursuant to Fed. R. Civ. P. 65

enjoining Rachel M. Leff, her garnishees, agents, assigns, and any entities or individuals acting

on her behalf, during the pendency of this action, from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of her assets, or paying any debt owed by her, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding ordinary and usual living expenses; and

(3)    Why an order allowing expedited discovery should not be entered; and

(4)    Why an order awarding any other relief this Court may deem just and proper should not be entered.

**AND** it appearing that the plaintiff has good cause for not notifying Rachel M. Leff of this application, because of concern that such notice would give her or any of the other named defendants an opportunity to secrete assets and frustrate plaintiff's collection efforts, and that plaintiff will suffer immediate and irreparable injury by reason of its inability to determine the whereabouts of, and to collect from the named defendants, money which has inexplicably been removed from escrow accounts in which plaintiff has a beneficial and superior interest;

**AND** a prior application having been made to this Court by order to show cause, and Rachel M. Leff having been represented at the hearing on August 7, 2007 by counsel Lawrence F. Morrison, Esq., and plaintiff having agreed to forebear, in part, from pursuing the requested relief until taking expedited discovery; it is hereby

**ORDERED** that, pending the hearing, determination, and resolution of the within motion, that Rachel M. Leff, her garnishees, agents, assigns, and any entities or individuals acting on their behalf, are hereby restrained and enjoined from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of Rachel M. Leff's assets, or paying any debt owed by Rachel M. Leff, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding ordinary and usual living expenses; and it is further

ORDERED that, pursuant to C.P.L.R. § 6212(b), the undertaking currently filed with this Court in the amount of $10,000.00, shall be sufficient to secure this temporary restraining order; and it is further

ORDERED that a copy of this Order and of the papers upon which it is based shall be served by hand or overnight delivery, so that the papers are received on or before August _20_, _at 5:00 p.m._ 2007, upon Rachel Leff through her counsel, Larry Morrison at 220 East 72nd Street, 25th Fl., New York, NY 10021; and it is further

ORDERED that any opposition papers be served upon counsel for the plaintiff ~~by two hours before overnight delivery within ___ days of~~ the return date _and time_ on this order to show cause and that any reply papers be served upon the named defendants by overnight delivery within one day of the return date on this order to show cause.

SO ORDERED:

_____Kimba M. Wood_____
Kimba M. Wood
United States District Judge
_PART I_

Date and Time: 8-16-07
3:58 p.m.

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff IndyMac Bank, F.S.B.

By: _____
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

3