Decl. of
Thomas J. Kavaler

Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street, New York, New York
Telephone: (212) 701-3000

*Attorneys for Plaintiffs ABN AMRO Mortgage Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC.,<br><br>                              Plaintiff,<br><br>- against -<br><br>NATIONAL SETTLEMENT AGENCY, INC., STEVEN M. LEFF, RACHEL M. LEFF AND RICHARD A. LEFF,<br><br>                              Defendants. | Case No. 07-CIV-7657<br><br>**DECLARATION OF THOMAS J. KAVALER IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY AN ORDER OF CIVIL CONTEMPT SHOULD NOT ISSUE AS AGAINST DEFENDANTS NATIONAL SETTLEMENT AGENCY, INC. AND STEVEN M. LEFF** |

THOMAS J. KAVALER declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the bar of this Court and of the firm of Cahill Gordon & Reindel LLP, counsel for ABN AMRO Mortgage Group, Inc. ("AAMG"), plaintiff herein. I make this declaration to set forth certain facts pertinent to Plaintiff AAMG's motion for an order to show cause why an order of civil contempt should not issue against Defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff.

**Background**

2. The following facts are set forth in the Amended Complaint (attached as Exhibit A hereto) filed by Plaintiff AAMG September 14, 2007: At all times relevant for the purposes of

- 2 -

this litigation, Defendant NSA was a company that acted as mortgage closing agent on behalf of AAMG, which was a mortgage lender. On information and belief, at all times relevant, Steven M. Leff was the president of NSA. On information and belief, Defendants, without authorization, took for their own use and converted or allowed to be converted approximately $2.26 million of AAMG's funds that had been wired into one of several of NSA's escrow accounts (the "Escrow Accounts"). Steven M. Leff has acknowledged in a written statement to the Federal Bureau of Investigation ("FBI") that he had made numerous unauthorized transfers of funds from the Escrow Accounts that belonged to the banks on behalf of which NSA was serving as closing agent.

3.     In light of the foregoing facts, AAMG initiated this action against Defendants NSA and Steven M. Leff, among others.

4.     On September 10, 2007, at a hearing (the "September 10 Hearing") to show cause why an Order of Attachment and Preliminary Injunction against NSA and Steven M. Leff should not issue, the Honorable Laura Taylor Swain, United States District Judge for the Southern District of New York, entered an order of attachment against NSA and Steven M. Leff (the "Order of Attachment") ordering the United States Marshals Service for the Southern District of New York to attach any and all assets of NSA and Steven M. Leff, further ordering that:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before September 19, 2007, Defendants Steven M. Leff and NSA shall provide counsel to Plaintiff a sworn affidavit (1) enumerating in detail all of Defendant Steven M. Leff's and Defendant NSA's assets, including each and every bank account, investment interest, investment account, investment, commercial paper, parcel of property, motor vehicle, watercraft or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each and (2) listing all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances,

and further ordering that NSA and Steven M. Leff are restrained and enjoined from secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any asset of any of the Defendants in this action, or paying any debt owed by either Defendant Steven M. Leff

or Defendant NSA, excluding the ordinary and usual living and business expenses of Defendant Steven M. Leff. A copy of the Order of Attachment is annexed hereto as Exhibit B. It is this Order of Attachment that Plaintiff by this motion is seeking to enforce.

5.  A second order of attachment (the "Second Order of Attachment") as against Defendant Rachel M. Leff, with similar terms and wording, was also issued by Judge Swain at the September 10 Hearing.

6.  The Order of Attachment was served on Defendant NSA by Federal Express to its general counsel Richard A. Leff. In addition, Richard A. Leff was represented at the September 10 Hearing by his counsel Jonathan Bruno of the law firm of Kaufman Borgeest & Ryan LLP.

7.  The Order of Attachment was served on Defendant Steven M. Leff by Federal Express to his counsel Michael Soshnick.

8.  Plaintiff AAMG and its counsel have not received an affidavit from NSA or Steven M. Leff (or their counsel, agents or representatives) as provided in the Order of Attachment, or any other communication from any such parties.

9.  On information and belief, NSA was Steven M. Leff's main business and is now no longer in operation.

**The Properties Attached to Date**

10. As of this date, on information and belief, pursuant to the Second Order of Attachment, United States Marshals have attached a house belonging to Defendant Rachel M. Leff and valued at approximately $1.5 million.

11. As of this date, on information and belief, pursuant to the Order of Attachment, United States Marshals have attached two bank accounts registered in the name of NSA. The value of these accounts is not known to Plaintiff AAMG or its counsel at present.

- 4 -

12.  As of this date, on information and belief, no other properties of Defendants have been attached by United States Marshals.

**The Claims against Defendants**

13.  As of this date, there are at least four complaints that have been filed in this court against Defendants, by plaintiffs IndyMac Bank, AAMG, Lydian Private Bank and E*TRADE Savings Bank, *et al.* The value of these claims are approximately $2.35 million, $2.26 million, $1.40 million and $3 million, respectively, for an approximate total of $9.01 million.

**The Relief Sought**

14.  By this motion Plaintiff AAMG seeks an order:

  (a)  holding Defendants NSA and Steven M. Leff in civil contempt, pursuant to 18 U.S.C. 401, of the September 10, 2007 Order of Attachment issued by this court,

  (b)  ordering that, to purge themselves of such contempt, those Defendants immediately provide the affidavit required by the Order of Attachment,

  (c)  ordering the arrest and imprisonment of Defendant Steven M. Leff until such time as the affidavit required by the Order of Attachment shall be provided to Plaintiff AAMG.

15.  The relief requested against Defendant Steven M. Leff is necessary for two reasons: first, on information and belief, Defendant Steven M. Leff has already secreted and purloined Plaintiff's funds, which actions supported the attachment in the first instance. For this reason, it is imperative that he be made to disclose to Plaintiff as soon as possible the nature and location of his assets, so that those assets may be secured by United States Marshals. Second, on information and belief, Defendant Steven M. Leff does not have sufficient assets to pay all the claims against him, and will likely seek bankruptcy protection prior to the end of these proceedings. That being the case, no amount of fines or penalties can provide him with significant incentives

to follow this Court's orders, and only incarceration or other non-monetary penalties can provide these incentives. A proposed Order of Civil Contempt is attached hereto as Exhibit C.

- 6 -

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on September 21, 2007.

Thomas J. Kavaler