**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

*- against -*

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF AND
RICHARD A. LEFF,

Defendants.

Case No. 07-CIV-7657

---

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE**
**WHY AN ORDER OF CIVIL CONTEMPT SHOULD NOT ISSUE**

Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
(212) 701-3000

*Attorneys for Plaintiffs ABN AMRO Mortgage
Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

- *against* -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF AND
RICHARD A. LEFF,

Defendants.

Case No. 07-CIV-7657

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S
MOTION FOR AN ORDER TO
SHOW CAUSE WHY AN ORDER
OF CIVIL CONTEMPT SHOULD
NOT ISSUE**

---

Plaintiff ABN AMRO Mortgage Group, Inc. ("NSA") respectfully submits this
Memorandum of Law in support of its motion for an order to show cause why an order of civil
contempt should not issue against Defendants National Settlement Agency, Inc. ("NSA") and
Steven M. Leff.

On September 10, 2007, the Honorable Laura Taylor Swain, United States District
Judge for the Southern District of New York, entered an order of attachment and preliminary in-
junction as against NSA and Steven M. Leff (the "Order"). The Order, *inter alia*, ordered De-
fendants NSA and Steven M. Leff:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before September 19,
> 2007, Defendants Steven M. Leff and NSA shall provide counsel to Plaintiff a
> sworn affidavit (1) enumerating in detail all of Defendant Steven M. Leff's and
> Defendant NSA's assets, including each and every bank account, investment in-
> terest, investment account, investment, commercial paper, parcel of property, mo-
> tor vehicle, watercraft or other personal property of $10,000 of value or more,
> whether held personally or in trust, and the location and garnishee of each and (2)
> listing all persons, including accountants and financial advisors, with personal
> knowledge of any Defendant's assets and finances.

Defendants NSA and Steven M. Leff were properly served with the Order of Attachment via
their attorneys, and thus were on notice of the September 19, 2007 deadline for delivery of the

-2-

affidavit described above (the "Affidavit of Assets"). Plaintiff and its counsel have not received the Affidavit of Assets. Indeed, Plaintiff and its counsel have received no communication from Defendants NSA and Steven M. Leff, or their counsel.

Defendants' failure to provide Plaintiff with the Affidavit of Assets is in clear violation of the court's Order, and it constitutes further misconduct on Defendants' part, which suggests that Mr. Leff, who has already admitted to massive (and intentional) misappropriation of funds, may well be taking this time to engage in further fraudulent acts, such as "secreting" or "transferring" assets out of the reach of any future judgment, in further violation of this Court's preliminary injunction.

For these reasons, Plaintiff AAMG respectfully requests that this Court not only (1) hold Defendants NSA and Steven M. Leff to be in civil contempt, but also (2) order Defendant Steven M. Leff to be arrested and imprisoned pursuant to that contempt until such time as he remedies that contempt by providing the Affidavit of Assets to Plaintiff and its counsel.

## STATEMENT OF FACTS[1]

From April 2007 to August 2007, Defendant NSA served as closing agent on several mortgages for AAMG, which was a mortgage lender. Defendant Steven M. Leff was the president of NSA. In its role as closing agent, NSA held various funds of AAMG in various escrow accounts (the "Escrow Accounts") pending closing. When it became apparent that Defendants had misappropriated certain of Plaintiff's funds from the Escrow Accounts, Plaintiff commenced this action to stop the ongoing thefts and to recover, to the extent possible, the stolen funds.

---

[1]    The facts summarized herein are drawn from the Amended Complaint filed September 14, 2007 and the September 21, 2007 Declaration of Thomas J. Kavaler ("Kavaler Decl.") annexed hereto, and the exhibits annexed thereto ("Kavaler Ex.").

-3-

On September 10, 2007, Judge Swain entered the Order (Kavaler Ex. A) that Plaintiff seeks to enforce by this motion. The Order (a) ordered United States Marshals to attach the assets of Defendants NSA and Steven M. Leff, (b) further ordered that Defendants NSA and Steven M. Leff:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before September 19, 2007, Defendants Steven M. Leff and NSA shall provide counsel to Plaintiff a sworn affidavit (1) enumerating in detail all of Defendant Steven M. Leff's and Defendant NSA's assets, including each and every bank account, investment interest, investment account, investment, commercial paper, parcel of property, motor vehicle, watercraft or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each and (2) listing all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances,

and (c) further ordered that Defendants NSA and Steven M. Leff:

> acting in their personal capacities or as custodian or trustee, and either Steven M. Leff's or NSA's garnishees, officers, directors, partners, affiliates, agents, employees, assigns, and any entities or individuals acting on their behalf, are restrained and enjoined from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any asset of any of the Defendants in this action, or paying any debt owed by either Defendant Steven M. Leff or Defendant NSA, excluding the ordinary and usual living and business expenses of Defendant Steven M. Leff.

It is at least the order enumerated (b) above that Defendants NSA and Steven M. Leff have flouted in failing to deliver to Plaintiff's counsel (or Plaintiff, or, to Plaintiff's knowledge, anyone else) the Affidavit of Assets.

-4-

## ARGUMENT

## I.

## THIS COURT SHOULD HOLD DEFENDANTS NSA AND STEVEN M. LEFF IN CONTEMPT OF THE ORDER

In this Circuit, the standard for finding a party in civil contempt of court is well established. A party may be held in civil contempt for failure to comply with a court order when (1) the order being enforced is clear and unambiguous; (2) proof of non-compliance is clear and convincing, and (3) the party charged with contempt has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *See, e.g., Paramedics Electromedicina Comercial, Ltda.* v. *GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir. 2004); *Nat'l Basketball Ass'n* v. *Design Management Consultants, Inc.,* 289 F. Supp. 2d 373, 376 (S.D.N.Y. 2003); *King* v. *Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995); *Powell* v. *Ward,* 643 F.2d 924, 931 (2d Cir.), *cert. denied,* 454 U.S. 832 (1981).

It is not necessary to show that the violation of the order was willful, but rather simply that the party charged with contempt was not reasonably diligent in attempting to comply with the order. *See, e.g., Paramedics Electromedicina Comercial, Ltda,* 369 F.3d 645, 655; *McComb* v. *Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt. . . . Since the purpose is remedial, it matters not with what intent the Defendant did the prohibited act."). Here, there is a clear and unambiguous order that Defendants clearly have violated and continue to violate. A statement of assets is not a complicated thing to produce: presumably, Mr. Leff has some idea of what various bank accounts and real and personal property of value in excess of $10,000 he owns; furthermore, he has had over a week to come up with some kind of response. It is therefore hard to see how Mr. Leff and NSA have been "reasonably diligent and energetic" in attempting to comply with the Court's order.

-5-

### A.    *The Order Was Clear and Unambiguous*

To satisfy the requirement that an order be clear and unambiguous, the order "must 'be specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" *New York State Nat'l Org. for Women* v. *Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989), *cert. denied*, 495 U.S. 947 (1990) (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 339 (2d. Cir. 1985)). However, a party cannot avoid contempt "by some literal or hypertechnical reading of an order. It is the spirit and purpose of an injunction, not merely its precise words, that must be obeyed." *National Research Bureau, Inc.* v. *Kucker*, 481 F. Supp. 612, 615 (S.D.N.Y. 1979); *see also Drywall Tapers and Pointers of Greater New York, Local 1974 of I.B .P.A.T.* v. *Local 530 of Operative Plasterers' and Cement Masons' Intern. Ass'n*, 2002 WL 31641597 (E.D.N.Y. 2002).

In this case, the Order issued by Judge Swain could not have been more explicit. Again, it stated:

> Defendants Steven M. Leff and NSA shall provide counsel to Plaintiff a sworn affidavit (1) enumerating in detail all of Defendant Steven M. Leff's and Defendant NSA's assets, including each and every bank account, investment interest, investment account, investment, commercial paper, parcel of property, motor vehicle, watercraft or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each and (2) listing all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances.

The clear point of the order was for Mr. Leff and NSA to tell Plaintiff everything they could about their assets, so that the United States Marshals could attach these assets and prevent Mr. Leff from "secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating" any asset of his own or NSA's, consistent with the preliminary injunction that issued along with the Order.

-6-

**B.** **Proof of Defendants' Non-Compliance Is Clear
and Convincing, and Defendants Have Not Been
Reasonably Diligent**

Defendants NSA and Steven M. Leff's failure to deliver the Affidavit of Assets
demonstrates their disregard for their obligations under the Order. Suffice it to say that under any
standard, "diligence" should at least constitute minimal compliance. As noted above, a demon-
stration of Defendants' bad faith or willfulness is not required for civil contempt (*see, e.g. Para-
medics Electromedicina Comercial, Ltda,* 369 F.3d 645, 655), but here, Defendants' failure to
comply does indeed suggest bad faith.

First, compliance should have been easy; failure to respond at all thus in itself re-
flects bad faith. Second, even if a lack of diligence were an excuse for failure to comply with a
court order, which it is not, it is hard to believe that Mr. Leff and NSA's failure to respond results
merely from forgetfulness or an otherwise busy schedule. Mr. Leff is currently the target of a
criminal investigation, closely related to this case, in which he has already admitted extreme mal-
feasance. He has been arrested and is out on $1 million bond. His primary business, NSA, is no
longer operating. As a term of his release, he is not allowed to leave the tri-state area of New
York, New Jersey and Connecticut. The idea that he is doing anything right now other than deal-
ing with the consequences of his prior malfeasance, *including this action*, is quite implausible.
The one activity in which he might reasonably be engaged other than dealing with those conse-
quences is seeking to avoid them; the compelling inference that this might be the case is, of
course, the reason that Plaintiff AAMG seeks an order of contempt at this time.

**II.**

**THE COURT SHOULD GRANT
PLAINTIFF'S REQUESTED RELIEF**

Courts in the Second Circuit impose sanctions on a party held in civil contempt to
serve either or both of two purposes, "to coerce future compliance and to remedy any harm past

-7-

noncompliance caused the other party." *Weitzman* v. *Stein,* 98 F.3d 717 (2d Cir. 1996) *citing U.S.* v. *United Mine Workers of America*, 330 U.S. 258, 302-04 (1947); *see also EEOC* v. *Local 638*, 81 F.3d at 1177. "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *New York State Nat'l Org. for Women*, 886 F.2d at 1353. "The ultimate consideration is whether the coercive sanction . . . is reasonable in relation to the facts." *Id.*

Plaintiff has little hope that any court-ordered relief for Defendants' contempt will compensate it: given the facts as outlined in the Amended Complaint (Kavaler Ex. B) Plaintiff is proceeding with the goal of preserving as much of Defendants' assets as possible, on the assumption that the total value of Defendants' assets will in the end be less than the total damages awarded against all the banks he bilked. The greatest threat to Plaintiff's interests is that Defendants will succeed in secreting or transferring significant assets out of the Court's reach, thus frustrating any judgment that may issue against Defendants. For this reason, it is imperative that Defendants NSA and Steven M. Leff deliver the Affidavit of Assets immediately. Such an affidavit must include, as the order states, both a complete statement of assets and a list of all persons who may have had knowledge of NSA's and Mr. Leff's finances. Absent such compliance forthwith, arrest and imprisonment is a reasonable sanction; indeed, it is the only sanction that is likely to bring about the compliance of these Defendants.

Imprisonment is not a novel remedy for contempt where the transfer and secreting of assets related to an order of attachment is concerned. As recently as last year, this Court prescribed imprisonment as a remedy for contempt if it were not purged by the repatriation of assets subject to an order of attachment. *See JSC Foreign Economic Ass'n Technostroyexport* v. *Inter-*

-8-

*national Development and Trade Services, Inc.,* 2006 WL 1148110 (S.D.N.Y. 2006). The Court in that case allowed a time limit of 20 days for purgation of the contempt. This was perhaps reasonable where the cure was relatively complicated (repatriation of assets); here, the cure (making a list) is relatively simple; it should have been done in short order. Furthermore, the matter is much more urgent here, as there the assets at issue were already outside of the country and known. Here, Plaintiff does not even know what the assets are, and they might well be in the process of being transferred or, worse, hidden. For these reasons, delivery of the Affidavit of Assets should be required *immediately*, and Plaintiff therefore requests that the order of contempt should issue *immediately*, with an arrest warrant also issuing *immediately*.

-9-

## CONCLUSION

The motion to hold Defendants NSA and Steven M. Leff in contempt should be granted, and the Court should issue a warrant for the arrest and imprisonment of Steven M. Leff pending his and NSA's delivery of the Affidavit of Assets to Plaintiff and its counsel in compliance with the Order.

Dated:    New York, New York
          September 21, 2007

CAHILL GORDON & REINDEL LLP

By:    Thomas J. Kavaler
       David M. Kelley
       80 Pine Street
       New York, New York  10005
       (212) 701-3000

*Attorneys for Plaintiff ABN AMRO
Mortgage Group, Inc.*