Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street, New York, New York
Telephone: (212) 701-3000

*Attorneys for Plaintiffs ABN AMRO Mortgage Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>NATIONAL SETTLEMENT AGENCY, INC.,<br>STEVEN M. LEFF, RACHEL M. LEFF AND<br>RICHARD A. LEFF,<br><br>Defendants. | Case No. 07-CIV-7657<br><br>**FURTHER DECLARATION OF<br>THOMAS J. KAVALER IN<br>SUPPORT OF PLAINTIFF'S<br>MOTION FOR AN ORDER OF<br>CIVIL CONTEMPT AS AGAINST<br>DEFENDANTS NATIONAL<br>SETTLEMENT AGENCY, INC.<br>AND STEVEN M. LEFF** |

THOMAS J. KAVALER declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member of the bar of this Court and of the firm of Cahill Gordon & Reindel LLP, counsel for ABN AMRO Mortgage Group, Inc. ("AAMG"), plaintiff herein.  I make this declaration to set forth certain facts pertinent to Plaintiff AAMG's motion for an order of civil contempt against Defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff.

2.      This Declaration is supplementary to my Declaration (the "Prior Declaration") in support of the Order to Show Cause for which Plaintiff filed with this Court on September 21, 2007 in support of this motion (the "Order to Show Cause").  The purposes of this Declaration are (1) to update the Court with regard to certain facts relevant to that motion and the Order to Show Cause and (2) to request additional relief that Plaintiff believes is required in light of Defendant Steven

M. Leff's continued non-compliance with the Order and certain communications from his counsel.

**Facts**

3.      The September 10, 2007 Order provides, *inter alia*, that:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, <u>on or before September 19, 2007</u>, Defendants Steven M. Leff and NSA shall provide counsel to Plaintiff a sworn affidavit (1) enumerating in detail all of Defendant Steven M. Leff's <u>and Defendant NSA's</u> assets, including <u>each and every</u> bank account, investment interest, investment account, investment, commercial paper, parcel of property, motor vehicle, watercraft or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each and (2) <u>listing all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances</u> (emphasis added).

A copy of the Order was annexed as Exhibit B to the Prior Declaration. It is this Order that Plaintiff by this motion is seeking to enforce.

4.      At 4:57 p.m. on September 21, 2007, shortly after Plaintiff AAMG filed its motion for the Order to Show Cause (and two days after the Affidavit of Assets was due), Plaintiff's counsel received a facsimile transmission from Michael Soshnick, counsel for Defendant Steven M. Leff (the "Fax"), attached as Exhibit A hereto. The Fax included a cover page (the "Cover Page"), written or dictated, on information and belief, by Michael Soshnick, and a purported affidavit of Steven M. Leff dated August 20, 2007 — some 20 days before the Order (the "Prior Leff Affidavit").

5.      In the Prior Leff Affidavit, Steven M. Leff purported to list all of his assets as of August 20, 2007 — two days <u>before</u> he was released on bond in the Eastern District of New York.

6.      The Cover Page requests that Plaintiff AAMG accept the Fax as compliance with the Order.

7.    At 5:58 p.m. on September 21, 2007, Michael Soshnick left a phone message (the "Phone Message") for me from his number at (516) 741-5171, on information and belief, his home phone number. A transcript of that phone message is attached as Exhibit B hereto.

8.    In the Phone Message, Mr. Soshnick alternatively blames Defendant Steven M. Leff's failure to comply with the Order on (1) his secretary and or his "office" for not properly handling the Order or matters related thereto, (2) some purported "confusion" about who represents AAMG and (3) his preoccupation with a trial that finished last Wednesday.

9.    In the Phone Message, Mr. Soshnick does not allege that he was not properly served with the Order.  Indeed, his invocation of various other reasons for his client's lack of a timely response indicates that he was indeed notified of the Order.

10.    In the Phone Message, Mr. Soshnick indicates confusion about who represents AAMG, but he does not allege that he or his client Mr. Leff made any attempt to send any response to the Order to AAMG's prior counsel, Bryan Cave, or contact them in any way.

11.    In the Phone Message, Mr. Soshnick grudgingly admits that he knew that the Affidavit of Assets was "technically" due on September 19, 2007.

12.    In the Phone Message, Mr. Soshnick makes the unsworn statement that the Prior Leff Affidavit is "current."  Both his Cover Letter and the date of the Prior Leff Affidavit indicate that it is not, and cannot be considered, current.

13.    In the Phone Message, Mr. Soshnick makes nonspecific reference to "mistakes" made by his secretary or his "office" by way of explaining what he admits is Mr. Leff's violation of the Order.

14.    In the Phone Message, Mr. Soshnick says that there was no "intent" on his part or that of his client Mr. Leff to violate the Order and that the violation which he admits was not "willful."

15.    At 6:52 p.m. on September 21, 2007, Plaintiff's counsel received a facsimile transmission from Mr. Soshnick with substance similar to the Phone Message. This second facsimile is attached as Exhibit C hereto.

16.    The Prior Leff Affidavit indicates that Defendant Steven M. Leff holds no assets other than bank accounts valued at approximate $350, a Chevrolet Suburban with a $19,000 lien, and a motorcycle with a $11,000 lien.

17.    Plaintiff's counsel has already invested a day in preparing filings seeking Defendant Steven M. Leff's compliance with this Court's clear and unambiguous Order.

**The Continuing Violation of the Order**

18.    Because the Prior Leff Affidavit predates the Order, the Prior Leff Affidavit is unresponsive to the Order.

19.    Because the Prior Leff Affidavit is wholly silent with regard to any assets of Defendant NSA, the Prior Leff Affidavit is unresponsive to the Order.

20.    Because the Prior Leff Affidavit does not, as the Order requires, list "all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances," the Prior Leff Affidavit is unresponsive to the Order.

21.    Because the Prior Leff Affidavit is not, in truth, an "affidavit" at all, but only a facsimile transmission of a purported affidavit previously executed in another case, the Prior Leff Affidavit is unresponsive to the Order.

**The Relief Sought**

22.    Plaintiff AAMG reaffirms its prior motion seeking an order:

      (a)    holding Defendants NSA and Steven M. Leff in civil contempt of the September 10, 2007 Order issued by this court,

  (b)  ordering that, to purge themselves of such contempt, those Defendants FORTHWITH provide the affidavit required by the Order, and

  (c)  ordering the arrest and imprisonment of Defendant Steven M. Leff until such time as the affidavit required by the Order shall be provided to Plaintiff AAMG.

23.  Plaintiff AAMG now requests that this Court issue an additional order:

  (a)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, held by Defendant Steven M. Leff or NSA in the last two years,

  (b)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every stock or other business or investment interest held by Defendant Steven M. Leff or NSA in the last two years, other than those interests held via the accounts listed in accordance with section (a) of this order,

  (c)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with the registration and location information for his car and motorcycle described in the Prior Leff Affidavit so that they may be attached forthwith,

  (d)  ordering the imprisonment of Defendant Steven M. Leff until such time as he complies with this order.

A proposed Supplemental Disclosure Order is attached as Exhibit D hereto.

24.  The relief requested by Plaintiff AAMG in its prior motion for an order of civil contempt against Defendant Steven M. Leff is still necessary for the two reasons presented in the Prior Declaration: first, on information and belief, Defendant Steven M. Leff has already secreted and purloined Plaintiff's funds, which actions supported the Order in the first instance. For this reason, it is imperative that he be made to disclose to Plaintiff as soon as possible the nature and location of his assets, so that those assets may be secured by United States Marshals. Second, on information and belief, Defendant Steven M. Leff does not have sufficient assets to pay all the claims against him, and will likely seek bankruptcy protection prior to the end of these proceedings. That being the case, no amount of fines or penalties can provide him with significant incen-

- 6 -

tives to comply with this Court's orders, and only incarceration or other non-monetary penalties can provide these incentives. Plaintiff re-proposes its prior proposed order of contempt, attached as Exhibit C to the Prior Declaration.

25.    The additional relief requested herein is necessary because the assets indicated in the Prior Leff Affidavit appear to have a total value of less than $20,000. On information and belief, Mr. Leff has admitted to the Federal Bureau of Investigation that he has misappropriated significant escrow funds. Complaints in this Court against Mr. Leff at present state claims totaling approximately $9.01 million against Mr. Leff as a result of such misappropriation. The mismatch between the amount of assets revealed by Mr. Leff and the amounts claimed against him suggests that the assets listed in the Prior Leff Affidavit may not fully portray his current asset position or, at the very least, that further inquiry is required in order to determine if there are any other assets that may rightfully be attached in anticipation of a judgment against him and NSA. Furthermore, a statement of such assets is necessary immediately and Mr. Leff's immediate arrest and imprisonment is necessary because (1) the absence of significant assets in Mr. Leff's possession suggests that some of Plaintiff's assets may already have been transferred or secreted; (2) Mr. Leff has already shown not only a willingness to purloin, secret and transfer assets but also a total disregard for this Court's clear and unambiguous Orders and (3) Defendant's conduct to date suggests that, if the *status quo* continues, his compliance with this Court's Orders will be perpetually delayed and substantively incomplete, and it is inappropriate to require Plaintiff to spend additional time time filing motions to procure Mr. Leff's compliance with the Court's clear and unambiguous Orders.

- 7 -

      I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on September 23, 2007.

Thomas J. Kavaler