**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ABN AMRO MORTGAGE GROUP, INC.,

                              Plaintiff,

- *against* -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF AND
RICHARD A. LEFF,

                              Defendants.

Case No. 07-CIV-7657

---

**SECOND MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION FOR AN ORDER OF CIVIL CONTEMPT**
**AND IN SUPPORT OF SUPPLEMENTAL DISCOVERY ORDER**

Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

*Attorneys for Plaintiffs ABN AMRO Mortgage Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABN AMRO MORTGAGE GROUP, INC.,

                            Plaintiff,

- against -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF AND
RICHARD A. LEFF,

                            Defendants.

Case No. 07-CIV-7657

**SECOND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER OF CIVIL CONTEMPT AND IN SUPPORT OF SUPPLEMENTAL DISCOVERY ORDER**

---

       Plaintiff ABN AMRO Mortgage Group, Inc. ("AAMG") respectfully submits this Second Memorandum of Law in support of its motion for an order to show cause why an order of civil contempt should not issue against Defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff, originally requested September 21, 2007 (the "Order to Show Cause"). The purpose of this memorandum is to address certain facts that have come to light after the Order to Show Cause was filed.[1]

       On September 10, 2007, the Honorable Laura Taylor Swain, United States District Judge for the Southern District of New York, entered an order of attachment and preliminary injunction against NSA and Steven M. Leff (the "Order"). The Order, *inter alia*, ordered Defendants NSA and Steven M. Leff:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before September 19, 2007, Defendants Steven M. Leff and NSA shall provide counsel to Plaintiff a sworn affidavit (1) enumerating in detail all of Defendant Steven M. Leff's and

---

[1]   The facts summarized herein are drawn from the Amended Complaint filed September 14, 2007 and the September 21, 2007 Declaration of Thomas J. Kavaler ("Kavaler First Decl.") and the exhibits annexed thereto ("Kavaler First Ex.") and the September 23, 2007 Further Declaration of Thomas J. Kavaler ("Kavaler Further Decl.") and the exhibits annexed thereto ("Kavaler Further Ex."). This memorandum makes reference to the Memorandum of Law filed by us with this Court on September 21, 2007 (the "First Memorandum").

> Defendant NSA's assets, including each and every bank account, investment interest, investment account, investment, commercial paper, parcel of property, motor vehicle, watercraft or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each and (2) listing all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances.

Defendants NSA and Steven M. Leff were properly served with the Order of Attachment via their attorneys, and thus were on notice of the September 19, 2007 deadline for delivery of the affidavit described above (the "Affidavit of Assets"). On September 21, 2007, not having received the Affidavit of Assets, Plaintiff AAMG filed the Order to Show Cause.

On the afternoon of September 21, 2007, shortly after Plaintiff filed the Order to Show Cause, Plaintiff's counsel Cahill Gordon & Reindel LLP received a facsimile transmission (the "Fax," Kavaler Further Ex. A) from Michael Soshnick, counsel to Defendant Steven M. Leff, and a telephone message from Mr. Soshnick (the "Phone Message," a transcript of which is Kavaler Further Ex. B).

The Phone Message and the Fax collectively provide various purported excuses for Mr. Leff's failure to comply with the Order, and request that Plaintiff AAMG accept a facsimile of an affidavit of Steven M. Leff dated August 20, 2007 (the "Prior Leff Affidavit"), included in the fax, as the Affidavit of Assets required by the Order. For the reasons stated herein, Plaintiff AAMG does not accept the Prior Leff Affidavit as substitute compliance with the Order, and rejects Steven M. Leff's purported excuses for his continued non-compliance with the Order. Plaintiff AAMG reaffirms its request that this Court (1) hold Defendants NSA and Steven M. Leff in civil contempt and (2) order Defendant Steven M. Leff to be arrested and imprisoned pursuant to that contempt until such time as he remedies that contempt by providing an Affidavit of Assets in compliance with the Order to Plaintiff and its counsel.

## ARGUMENT

### I.

### DEFENDANTS' SUBMISSION OF THE PRIOR LEFF AFFIDAVIT DOES NOT CONSTITUTE COMPLIANCE WITH THE ORDER

As stated in the first memorandum of law, a party may be held in civil contempt for failure to comply with a court order when (1) the order being enforced is clear and unambiguous; (2) proof of non-compliance is clear and convincing, and (3) the party charged with contempt has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *See, e.g., Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004); *Nat'l Basketball Ass'n v. Design Management Consultants, Inc.*, 289 F. Supp. 2d 373, 376 (S.D.N.Y. 2003); *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.), *cert. denied*, 454 U.S. 832 (1981).

It is not necessary to show that the violation of the order was willful, but rather simply that the party charged with contempt was not reasonably diligent in attempting to comply with the order. *See, e.g., Paramedics Electromedicina Comercial, Ltda*, 369 F.3d 645, 655; *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt. . . . Since the purpose is remedial, it matters not with what intent the Defendant did the prohibited act."). Here, there is a clear and unambiguous Order that Defendants have violated and continue to violate. The Affidavit of Assets should have been easy to produce, and Mr. Leff still has not produced it. First, an unsworn disclosure and facsimile of a purported outdated affidavit sent by Mr. Leff's attorney is clearly not the same as a sworn affidavit of Mr. Leff. Furthermore, the disclosure is unresponsive in that it is silent with regard to any assets of NSA and does not list "all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances" as required by the Order. It is there-

fore hard to see how, with this late and thoroughly inadequate response, Mr. Leff and NSA have been "reasonably diligent and energetic" in attempting to comply with the Court's order.

### A.  *Proof of Defendants' Non-Compliance Is Clear and Convincing, and Defendants Have Not Been Reasonably Diligent*

Defendants NSA and Steven M. Leff's failure to deliver the Affidavit of Assets demonstrates their disregard for their obligations under the Order. Defendants have failed to make even minimal compliance with the Court's Order. As noted in the first memorandum, a demonstration of Defendants' bad faith or willfulness is not required for civil contempt (*see, e.g. Paramedics Electromedicina Comercial, Ltda,* 369 F.3d 645, 655), but here, Defendants' failure to comply does indeed suggest bad faith.

Defendants' late and unresponsive gesture towards compliance in itself reflects bad faith. Mr. Leff's failure to comply at the very least reflects a failure to monitor important developments in a major civil case against him. Furthermore, whether or not Mr. Leff's failure to comply is partly the result of his attorney's admitted negligence, Plaintiff AAMG should not be required to suffer the consequences of this negligence on the part of Mr. Leff's chosen agents. If Mr. Leff has been using the lapse of days to hide and transfer away stolen funds, it will not matter whether that opportunity was afforded by his own recalcitrance or his attorney's negligence.

## II.

### THE COURT SHOULD GRANT PLAINTIFF'S REQUEST FOR SUPPLEMENTAL DISCLOSURE

What little Mr. Leff, or his attorney, does reveal of his assets in the Prior Leff Affidavit is worth, by Plaintiff's count, about $20,000 or less. United States Marshals have also attached a house of Mrs. Leff purported to be worth $1.5 million prior to any liens, and two bank accounts the value of which Plaintiff has not yet been told. There are $9.01 million of claims

outstanding related to his admitted misappropriation of funds. An Affidavit of Assets in compliance with the order may point towards more funds, but it appears at this time that the Affidavit of Assets requested was not sufficiently broad to allow Plaintiff AAMG to determine where Plaintiff's money went. Because Mr. Leff has already shown himself willing to purloin, secret and transfer funds, Plaintiff AAMG must make this determination as soon as possible, in order to prevent any further secreting and transferring of its assets. It therefore requests a further order (the "Further Order"):

(a) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, held[2] by Defendant Steven M. Leff or NSA in the last two years,

(b) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every stock or other business or investment interest held[3] by Defendant Steven M. Leff or NSA in the last two years, other than those interests held via the accounts listed in accordance with section (a) of this order,

(c) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with the registration and location information for his car and motorcycle described in the Prior Leff Affidavit so that they may be attached forthwith,

Plaintiff AAMG requests that this disclosure be made forthwith. This request is justified in several ways. First, given the lapse of time since the original Order and the utter failure of Mr. Leff and NSA to comply with that Order, there is no time to waste; Plaintiff AAMG needs to figure out where Defendants' assets are, or where they went, as soon as possible. Second, the requirements of this additional disclosure, like those of the Order, are not onerous, and

---

[2] As used herein and in the supporting Declaration of Thomas J. Kavaler, all accounts "held" by Steven M. Leff or NSA is defined as "all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest"

[3] As used herein and in the supporting Declaration of Thomas J. Kavaler, all interests "held" by Steven M. Leff or NSA is defined as "all interests held directly or indirectly, personally or in trust."

-6-

there is no reason to think that Mr. Leff would not be able to assemble the information it requires during the pendency of the Court's Order to Show Cause. As we stated in the First Memorandum, it is hard to believe that Mr. Leff has been doing anything in the last four weeks other than preparing for the various criminal and civil cases in which he is a defendant. If he is unable, or unwilling, to assemble these materials forthwith, he should be given proper incentives to do so as soon as possible. Third, Plaintiff has already spent undue amounts of time petitioning the Court by this motion to procure compliance with its clear and unambiguous Order. Defendants are fast creating a track record of late and partial responses. Plaintiff should not be required to prepare any more filings in order to procure compliance with this Further Order.

For these reasons, Plaintiff requests that the required date for compliance with this Further Order be immediate, and if Defendants do not produce to Plaintiff's counsel materials in compliance with this Further Order immediately upon its issue, Defendants should be held in contempt of this Further Order, and a warrant for Mr. Leff's arrest should issue forthwith.

## CONCLUSION

The motion to hold Defendants NSA and Steven M. Leff in contempt and the motion for the further disclosure order described herein should be granted, and if Defendants do not produce forthwith to Plaintiff's counsel both the Affidavit of Assets and materials in compliance with the further order described above, the Court should issue a warrant for the arrest and imprisonment of Steven M. Leff pending his and NSA's delivery to Plaintiff and its counsel of the Affidavit of Assets in compliance with the Order and materials in compliance with the further order.

Dated:   New York, New York
         September 24, 2007

                                     CAHILL GORDON & REINDEL LLP

                                     By: _____
                                         Thomas J. Kavaler
                                         David N. Kelley
                                         80 Pine Street
                                         New York, New York   10005
                                         (212) 701-3000

                                     *Attorneys for Plaintiff ABN AMRO
                                     Mortgage Group, Inc.*