Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street, New York, New York
Telephone: (212) 701-3000

*Attorneys for Plaintiffs ABN AMRO Mortgage Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC.,<br><br>                                                Plaintiff,<br><br>        - against -<br><br>NATIONAL SETTLEMENT AGENCY, INC., STEVEN M. LEFF, RACHEL M. LEFF AND RICHARD A. LEFF,<br><br>                                                Defendants. | Case No. 07-CIV-7657<br><br>**DECLARATION OF DAVID N. KELLEY IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY AN ORDER OF CIVIL CONTEMPT SHOULD NOT ISSUE AS AGAINST DEFENDANT RACHEL M. LEFF** |

DAVID N. KELLEY declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the bar of this Court and of the firm of Cahill Gordon & Reindel LLP, counsel for ABN AMRO Mortgage Group, Inc. ("AAMG"), plaintiff herein. I make this declaration to set forth certain facts pertinent to Plaintiff AAMG's motion for an order to show cause why an order of civil contempt should not issue against Defendant Rachel M. Leff.

**Background**

2. The following facts are set forth in the Amended Complaint (attached as Exhibit A hereto) filed by Plaintiff AAMG September 14, 2007: At all times relevant for the purposes of this litigation, Defendant NSA was a company that acted as mortgage closing agent on behalf of

AAMG, which was a mortgage lender. On information and belief, at all times relevant, Rachel M. Leff was the chief executive officer of NSA according to its registration documents with the New York Secretary of State. On information and belief, Defendants, without authorization, took for their own use and converted or allowed to be converted approximately $2.26 million of AAMG's funds that had been wired into one of several of NSA's escrow accounts (the "Escrow Accounts"). Steven M. Leff has acknowledged in a written statement to the Federal Bureau of Investigation ("FBI") that he had made numerous unauthorized transfers of funds from the Escrow Accounts that belonged to the banks on behalf of which NSA was serving as closing agent.

3. In light of the foregoing facts, AAMG initiated this action against Defendant Rachel M. Leff, among others.

4. On September 10, 2007, at a hearing (the "September 10 Hearing") to show cause why an Order of Attachment and Preliminary Injunction against Rachel M. Leff should not issue, the Honorable Laura Taylor Swain, United States District Judge for the Southern District of New York, entered an order of attachment against Rachel M. Leff (the "Order of Attachment") ordering the United States Marshals Service for the Southern District of New York to attach any and all assets of Rachel M. Leff, further ordering that:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before September 19, 2007, Defendant Rachel M. Leff shall provide counsel to Plaintiff a sworn affidavit (1) enumerating in detail all of Defendant Rachel M. Leff's assets, including each and every bank account, investment interest, investment account, investment, commercial paper, parcel of property, motor vehicle, watercraft or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each and (2) listing all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances,

and further ordering that Rachel M. Leff is restrained and enjoined from secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any asset of any of the Defendants in this action, or paying any debt owed by Defendant Rachel M. Leff, excluding her or-

dinary and usual living and business expenses. A copy of the Order of Attachment is annexed hereto as Exhibit B. It is this Order of Attachment that Plaintiff by this motion is seeking to enforce.

5.  A second order of attachment (the "Second Order of Attachment") as against Defendants Steven M. Leff and NSA, with similar terms and wording, was also issued by Judge Swain at the September 10 Hearing.

6.  Defendant Rachel M. Leff was present at the September 10 hearing, and the Order of Attachment was served on Defendant Rachel M. Leff by Federal Express to her counsel Lawrence Morrison.

7.  Plaintiff AAMG and its counsel have not received an affidavit from Rachel M. Leff (or her counsel, agents or representatives) as provided in the Order of Attachment, or any other communication from any such parties.

8.  On information and belief, as she indicated in her sworn testimony at the September 10 Hearing, Rachel M. Leff now resides in the state of Florida.

9.  On information and belief, as she indicated in her sworn testimony at the September 10 Hearing, Rachel M. Leff's main business was as a parent and homemaker, and her children are now not living with her, and she currently does not work but is seeking work.

10. On information and belief, as she indicated in her sworn testimony at the September 10 Hearing, Defendant Steven M. Leff visited Defendant Rachel M. Leff in July or August 2007, and during this visit he gave to her cash and in-kind gifts of value in excess of $50,000, including the cash prepayment of certain living expenses previously agreed to between the couple.

**The Properties Attached to Date**

11.     As of this date, on information and belief, pursuant to the Order of Attachment, United States Marshals have attached a house belonging to Defendant Rachel M. Leff and valued at approximately $1.5 million but subject to unspecified prior liens.

12.     As of this date, on information and belief, pursuant to the Second Order of Attachment, United States Marshals have attached two bank accounts registered in the name of NSA. The value of these accounts is not known to Plaintiff AAMG or its counsel at present.

13.     As of this date, on information and belief, no other properties of Defendants have been attached by United States Marshals.

**The Claims against Defendants**

14.     As of this date, there are at least four complaints that have been filed in this court against Defendants, by plaintiffs IndyMac Bank, AAMG, Lydian Private Bank and E*TRADE Savings Bank, *et al.* The value of these claims are approximately $2.35 million, $2.26 million, $1.40 million and $3 million, respectively, for an approximate total of $9.01 million.

**The Relief Sought**

15.     By this motion Plaintiff AAMG seeks an order:

  (a)     holding Defendant Rachel M. Leff in civil contempt of this Court's September 10, 2007 Order Of Attachment, Preliminary Injunction, and Order Allowing Expedited Discovery as against Defendant Rachel M. Leff;

  (b)     ordering Defendant Rachel M. Leff to repatriate to the state of New York all of her major assets, defined to include:

   - all cash or other liquid assets,
   - all bank, brokerage and investment accounts held directly or indirectly, personally or in trust
   - all business and investment interests held directly or indirectly, personally or in trust

- all personalty originally purchased for $1000 or more or having an estimated resale value of $500 or more.

All personalty shall be shipped directly to the U.S. Marshall for the Southern District of New York to be held pending judgment in this case;

(c) ordering that Defendant Rachel M. Leff shall, until judgment is rendered in this case or this order is revoked, provide to Plaintiff's counsel on or before the tenth day of each calendar month an account of her income and expenses and transfers of any kind for the prior calendar month, including any income, expenses, transfers of assets or gifts-in-kind of $50 or greater value. Income or expenses or transfers from or to any given person on any given day shall be aggregated for the purposes of determining whether they constitute one or multiple items. Each statement shall be signed by Defendant Rachel M. Leff and notarized; and

(d) ordering that Defendant Rachel M. Leff shall provide to Plaintiff's counsel on or before _____, 2007

- all bank account and credit card statements from February 2007 to the present for cards that she used and/or accounts on which she had any signing authority from February 2007 to the present,

- all income, expenditures and transfers, including in-kind transfers, of value in excess of $1000, made from February 2007 to the present. Income or expenses or transfers for any given calendar week (Sunday to Saturday) shall be aggregated for the purposes of determining whether they constitute one or many transfers

16. The relief requested against Defendant Rachel M. Leff enumerated (b) above is necessary for the following reasons: on information and belief, Defendant Rachel M. Leff has already been the recipient of funds that may have represented stolen assets, which actions supported the attachment in the first instance, and has now violated the clear and unambiguous Order of the Court to disclose assets so that they may be attached. A Florida attachment would cost Plaintiff additional time that they can ill afford given the that Defendant Rachel M. Leff is likely already, through living expenses and perhaps through other expenditures and transfers, dissipating assets that are rightfully its. For this reason, it is imperative that she be made to repatriate those assets as soon as possible.

17.     The relief requested against Defendant Rachel M. Leff enumerated (c) and (d) above is necessary for the following reasons: on information and belief, Defendant Rachel M. Leff has already been the recipient of funds that may represent stolen assets, which actions supported the attachment in the first instance, and has now violated the clear and unambiguous Order of the Court to disclose assets so that they may be attached.  At the September 10 Hearing, Mrs. Leff and her counsel gave little impression that they were aware that in receiving gifts and spending money given to her by Mr. Leff, Mrs. Leff might in fact be guilty of receiving and dissipating stolen property.  Mrs. Leff's failure to comply in any way with the Court's September 10 Order suggests a disregard for, or perhaps lack of understanding of, the significance of the Court's Order.  Because Mrs. Leff and her counsel cannot be relied on to make judgments about what constitutes compliance with that Order on their own, a detailed history of her finances and a real-time accounting of her activity is necessary so that others may do so for them. A proposed Order of Civil Contempt is attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on September 26, 2007.

_____
David N. Kelley