Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street, New York, New York
Telephone: (212) 701-3000

*Attorneys for Plaintiffs ABN AMRO Mortgage Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC., <br><br>                                       Plaintiff, <br><br>         - *against* - <br><br> NATIONAL SETTLEMENT AGENCY, INC., STEVEN M. LEFF, RACHEL M. LEFF AND RICHARD A. LEFF, <br><br>                              Defendants. | Case No. 07-CIV-7657 <br><br> **THIRD DECLARATION OF THOMAS J. KAVALER IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER OF CIVIL CONTEMPT AND SECOND SUPPLEMENTAL DISCLOSURE ORDER AS AGAINST DEFENDANTS NATIONAL SETTLEMENT AGENCY, INC. AND STEVEN M. LEFF** |

THOMAS J. KAVALER declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     I am a member of the bar of this Court and of the firm of Cahill Gordon & Reindel LLP, counsel for ABN AMRO Mortgage Group, Inc. ("AAMG"), plaintiff herein. I make this declaration to set forth certain facts pertinent to Plaintiff AAMG's motion for an order of civil contempt against Defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff.

2.     This Declaration is supplementary to my Declaration (the "First Declaration") in support of the Order to Show Cause which Plaintiff filed with this Court on September 21, 2007 and my Further Declaration (the "Second Declaration") in support of an Order to Show Cause filed with this Court on September 24, 2007. The purposes of this Declaration are (1) to update the Court with regard to certain facts relevant to that motion and the Order to Show Cause and (2) to re-

- 2 -

quest additional relief that Plaintiff believes is required in light of Defendant Steven M. Leff's
continued non-compliance with the order of attachment and preliminary injunction against NSA
and Steven M. Leff issued by this Court on September 10, 2007 (the "Order") and certain com-
munications from his counsel.

**Facts**

3.      The September 10, 2007 Order provides, *inter alia*, that:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before September 19, 2007, De-
> fendants Steven M. Leff and NSA shall provide counsel to Plaintiff a sworn affidavit (1)
> enumerating in detail all of Defendant Steven M. Leff's and Defendant NSA's assets, in-
> cluding each and every bank account, investment interest, investment account, invest-
> ment, commercial paper, parcel of property, motor vehicle, watercraft or other personal
> property of $10,000 of value or more, whether held personally or in trust, and the location
> and garnishee of each and (2) listing all persons, including accountants and financial ad-
> visors, with personal knowledge of any Defendant's assets and finances (emphasis
> added).

A copy of the Order was annexed as Exhibit B to the First Declaration.  It is this Order that Plain-
tiff by this motion is seeking to enforce.

4.      At 4:57 p.m. on September 21, 2007, shortly after Plaintiff AAMG filed its motion for the
Order to Show Cause (and two days after the Affidavit of Assets was due), Plaintiff's counsel
received a facsimile transmission from Michael Soshnick, counsel for Defendant Steven M. Leff
(the "September 21 Fax"), which is attached as Exhibit A my Second Declaration.  The Fax in-
cluded a cover page (the "Cover Page"), written or dictated, on information and belief, by Mi-
chael Soshnick, and a purported affidavit of Steven M. Leff dated August 20, 2007 — some 20
days before the Order (the "August 20 Leff Affidavit").  The Cover Page requested that Plaintiff
AAMG accept the Fax as compliance with the Order.  In the August 20 Leff Affidavit, Steven M.
Leff purported to list all of his assets as of August 20, 2007 — two days before he was released
on bond in the Eastern District of New York.

- 3 -

5.      At 5:58 p.m. on September 21, 2007, Michael Soshnick left a phone message (the "Phone Message") for me from his number at (516) 741-5171, on information and belief, his home phone number. A transcript of that phone message is attached as Exhibit B to the Second Declaration. In the Phone Message, Mr. Soshnick did not allege that he was not properly served with the Order, but instead alternatively blamed Defendant Steven M. Leff's failure to comply with the Order on various causes, and grudgingly admitted that he knew that the Affidavit of Assets was "technically" due on September 19, 2007.

6.      In the Phone Message, Mr. Soshnick made the statement that the August 20 Leff Affidavit was "current."

7.      The August 20 Leff Affidavit indicates that Defendant Steven M. Leff holds no assets other than (1) a bank at JPMorgan Chase numbered 091361821256 (the "1256 Bank Account"), valued at approximately $0, another bank account valued at approximate $350, a Chevrolet Suburban with a $19,000 lien, and a motorcycle with a $11,000 lien.

8.      At or about 2:09 p.m. on September 24, 2007, Mr. Soshnick called me at my office, and at or about 5 p.m. I returned his call. Mr. Soshnick requested that Plaintiff ask the Court to withdraw its Order to Show Cause in anticipation that Mr. Soshnick would in a day or two send a new affidavit of Mr. Leff, which he represented would be in compliance with the order. I told Mr. Soshnick that Plaintiff would not make any such request at that time and would consider its position if, as and when Mr. Leff submitted an affidavit satisfying the requirements of the Order. Mr. Soshnick told me he would submit a "new" affidavit of Mr. Leff which would be "identical" to the August 20 Affidavit, save only for the caption and the date.

9.      At 1:04 p.m. on September 25, 2007, Plaintiff's counsel received a facsimile transmission (the "September 25 Fax") from Michael Soshnick, attached as Exhibit A hereto. The cover page

to this fax described its contents as an affidavit of Steven M. Leff dated September 25, 2007 (the "September 25 Affidavit").

10.    The September 25 Affidavit is almost identical in substance to the September 21 Affidavit, except that it lists the value of the 1256 Bank Account as $2.3 million, and lists a certain accountant as the only person with personal knowledge of Mr. Leff's assets.  On information and belief, the value given for the 1256 Bank Account in the September 25 Affidavit was false as of September 25, 2007 and as of all times from July 2007 to the present.

11.    At or around 11:30 a.m. on September 27, 2007, Mr. Soshnick called me again and left a message asking if Plaintiff would be willing to withdraw its first Order to Show Cause for contempt.  I called him back and left the message that Plaintiff would not.

12.    At 1:30 p.m. on September 27, 2007, Plaintiff's counsel received a facsimile transmission (the "September 27 Fax") from Michael Soshnick, attached as Exhibit B hereto.  The cover page to this fax described its contents as an affidavit of Steven M. Leff, which is dated September 27, 2007 (the "September 27 Affidavit").

13.    The September 27 Affidavit reaffirms the value of the 1256 Bank Account as $2.3 million, and includes several additional pages of information purportedly responsive to the Order and to the proposed Supplemental Disclosure Order attached as Exhibit D to my Second Declaration.  On information and belief, the value given for the 1256 Bank Account in the September 27 Affidavit was false as of September 27, 2007 and as of all times from July 2007 to the present.

14.    The September 27 Affidavit was filed with the Court and appears on its electronic filing system.  The September 27 Affidavit was filed attached to Mr. Soshnick's Affirmation in Opposition to our motion for contempt.  The Affirmation as filed is defective as it is incomplete, cut off mid-sentence in paragraph 11, and is also for this reason unsigned and undated.

15.     Complaints in four cases: this case (the Amended Complaint filed with this court on September 14, 2007, attached to my First Declaration as Exhibit A thereto), *IndyMac Bank* v. *NSA et al.* (complaint attached as Exhibit C hereto), *E\*TRADE Savings Bank et al.* v. *NSA et al.* (complaint attached as Exhibit D hereto) and *Lydian Private Bank* v. *NSA et al.* (complaint attached as Exhibit E hereto) (together, the "Related Cases") state claims for approximately $9.01 million based on the misappropriation of funds wired into escrow accounts held by Steven M. Leff.

16.     On information and belief, Mr. Leff has made business trips to the Caribbean.

**The Continuing Violation of the Order**

17.     The August 20 Leff Affidavit predates the Order and is therefore unresponsive to the Order.

18.     On information and belief, based on the Affidavit of Maura McLoughlin sworn to as of September 28, 2007, the September 25 Leff Affidavit is false and therefore violates the Order.

19.     On information and belief, based on the Affidavit of Maura McLoughlin sworn to as of September 28, 2007, the September 27 Leff Affidavit is false and therefore violates the Order.

20.     Because all three purported affidavits of Steven M. Leff are not, in truth, "affidavits" at all, but only facsimile transmissions of purported affidavits supported by the unsworn statements of Mr. Soshnick, all of them are unresponsive to the Order.

**The Relief Sought**

21.     Plaintiff AAMG reaffirms its prior motion seeking an order:

      (a)     holding Defendants NSA and Steven M. Leff in civil contempt of the September 10, 2007 Order issued by this court,

      (b)     ordering that, to purge themselves of such contempt, those Defendants FORTHWITH provide the affidavit required by the Order, and

- 6 -

(c)     ordering the arrest and imprisonment of Defendant Steven M. Leff until such time as the affidavit required by the Order shall be provided to Plaintiff AAMG.

22.    Plaintiff AAMG now requests that this Court issue an additional order:

(a)     ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest) in the last two years,

(b)     ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every stock or other business or investment interest held directly or indirectly, personally or in trust by Defendant Steven M. Leff or NSA in the last two years, other than those interests held via the accounts listed in accordance with section (a) of this order,

(c)     ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with the registration and location information for his car and motorcycle described in the August 20 Leff Affidavit so that they may be attached forthwith,

(d)     ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with credit card and bank records for any accounts held by him or NSA or for him or NSA, personally or in trust, directly or indirectly through any type of entity, for the last two years,

(e)     ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of all of his travel anywhere outside of New York, New Jersey and Connecticut over the last two years, and allow Plaintiff's counsel to inspect any and all passports held by Steven M. Leff to verify his travel,

(f)     ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of what happened to the funds wired into NSA's escrow accounts as specified in the Related Cases; including his account of all persons involved directly and tangentially, all bank accounts used and all travel related to the movement of these funds,

(g)     ordering that the disclosures above shall be made immediately,

(h)     ordering Defendant Steven M. Leff and his counsel Michael Soshnick to submit to depositions by Plaintiff AAMG's counsel, and

    (i)    ordering that the duties created under this order shall not be discharged until the truth of any statements made pursuant to this or any prior order of the Court in this case has been verified by Plaintiff, and that any contempt pursuant to this or any prior order of the Court in this case shall not be purged until the truth of any sworn or unsworn statements purporting to purge such contempt has been verified by Plaintiff.

A proposed Order of Contempt and Supplemental Disclosure Order is attached as Exhibit F hereto.

23.    The relief requested by Plaintiff AAMG in its prior motion for an order of civil contempt against Defendant Steven M. Leff is still necessary for the two reasons presented in the Prior Declaration: first, on information and belief, Defendant Steven M. Leff has already secreted and purloined Plaintiff's funds, which actions supported the Order in the first instance; he has now attempted to delay compliance with the Order by providing by turns insufficient, then false and inconsistent information, supported by the unsworn assertions of his counsel. For this reason, it is imperative that he be made to disclose to Plaintiff as soon as possible the nature and location of his assets, so that those assets may be secured by United States Marshals. Second, on information and belief, Defendant Steven M. Leff does not have sufficient assets to pay all the claims against him, and will likely seek bankruptcy protection prior to the end of these proceedings. That being the case, no amount of fines or penalties can provide him with significant incentives to comply with this Court's orders, and only incarceration or other non-monetary penalties can provide these incentives. Plaintiff re-proposes its prior proposed order of contempt, attached as Exhibit C to the Prior Declaration.

24.    The additional relief requested herein is necessary because, on information and belief, the assets pointed to by the September 27 Leff Affidavit appear to have a total value of less than $20,000, despite Mr. Leff's disproven false statements to the contrary. On information and belief, Mr. Leff has admitted to the Federal Bureau of Investigation that he has misappropriated

significant escrow funds.  Complaints in the Related Cases at present state claims totaling approximately $9.01 million against Mr. Leff as a result of such misappropriation.  The mismatch between the amount of assets revealed by Mr. Leff and the amounts claimed against him suggests that the assets pointed to by the September 27 Leff Affidavit may not fully portray his current asset position or, at the very least, that further inquiry is required in order to determine if there are any other assets that may rightfully be attached in anticipation of a judgment against him and NSA.  The non-financial information such as travel information may be the only way for Plaintiff to determine where Mr. Leff's assets are if they were drawn in cash and moved physically.  The verification of any disclosures purported to satisfy this or any prior order, or to purge any contempt pursuant to such orders, is necessary because Mr. Leff has already shown himself willing to lie to Plaintiff and to this Court, and therefore his sworn statement cannot in itself be accepted as compliance.

25.    Furthermore, the additional disclosures requested are necessary immediately because (1) the absence of significant assets in Mr. Leff's possession suggests that some of Plaintiff's assets may already have been transferred or secreted; (2) Mr. Leff has already shown not only a willingness to purloin, secret and transfer assets but also a disregard for this Court's clear and unambiguous Orders and a willingness to lie to Plaintiff and to the Court and (3) Defendant's conduct to date suggests that Mr. Leff is attempting to delay a full disclosure of his financial standing and financial dealings in order to transfer and secret funds that may not already be out of the reach of this Court's jurisdiction.

26.    Deposition of Mr. Soshnick is necessary because he has not only been the conduit of false and misleading information from Mr. Leff but also vouched for that information or purported to make disclosures on Mr. Leff's behalf, and has apparently been complicit in his client's tactics of delay.  This behavior makes remedial sanctions against Mr. Soshnick entirely appropriate, and

- 9 -

puts at issue what he knows about Mr. Leff's assets and Mr. Leff's fraudulent efforts to protect those assets from any future judgment of this court, necessitating his deposition forthwith.

- 10 -

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on September 28, 2007.

Thomas J. Kavaler