UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABN AMRO MORTGAGE GROUP, INC.,

         Plaintiff,

- against -

NATIONAL SETTLEMENT AGENCY, INC., STEVEN M. LEFF, RACHEL M. LEFF AND RICHARD A. LEFF,

         Defendants.

Case No. 07-CIV-7657 (LTS)

**(PROPOSED) ORDER OF CONTEMPT AND SUPPLEMENTAL DISCLOSURE ORDER AS AGAINST DEFENDANTS STEVEN M. LEFF AND NATIONAL SETTLEMENT AGENCY, INC.**

---

  Upon the Order to Show Cause of Plaintiff ABN AMRO Mortgage Group Inc. ("AAMG") dated September ____, 2007, the Declaration of Thomas J. Kavaler dated September 21, 2007, the Further Declaration of Thomas J. Kavaler dated September 23, 2007 (the "Second Declaration"), the Third Declaration of Thomas J. Kavaler dated September 28, 2007 (the "Third Declaration"), the Memorandum of Law in support of said Order to Show Cause dated September 21, 2007, the Second Memorandum of Law in support of said Order to Show Cause dated September 23, 2007 and the Third Memorandum of Law in support of said Order to Show Cause dated September 28, 2007, and due deliberation being had thereon;

  And Plaintiff having filed an Amended Complaint on September 14, 2007,

  And the Court having previously, pursuant to its Order of September 10, 2007 (the "September 10 Order"), determined that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. §§ 6201(3) and 6212: (a) plaintiff has causes of action whereby it has demanded and would be enti-

tled to a money judgment against the named defendants in the amount of $2,261,744.10, plus interest, costs, disbursements, and fees; (b) it is probable that the plaintiff will succeed on the merits of its claims against Defendants; (c) Defendants, with intent to defraud the plaintiff or frustrate the enforcement of a judgment that might be rendered in the plaintiff's favor, have assigned, disposed of, and secreted property, and are about to continue such acts; and (d) the amount demanded from Defendants exceeds all counterclaims known to the plaintiff; and having issued the September 10 Order for the foregoing reasons;

And Plaintiff having filed the Order to Show Cause on September ___, 2007 requiring Defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff (collectively, "Defendants") to show cause why an order of civil contempt and arrest warrant for Defendant Steven M. Leff, and a further disclosure order should not issue:

> (a) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest) in the last two years,

> (b) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every stock or other business or investment interest held directly or indirectly, personally or in trust by Defendant Steven M. Leff or NSA in the last two years, other than those interests held via the accounts listed in accordance with section (a) of this order,

> (c) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with the registration and location information for his car and motorcycle described in the August 20 Leff Affidavit (as defined in the Third Declaration) so that they may be attached forthwith,

(d) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with credit card and bank records for any accounts held by him or NSA or for him or NSA, personally or in trust, directly or indirectly through any type of entity (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest), for the last two years,

(e) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of all of his travel anywhere outside of New York, New Jersey and Connecticut over the last two years, and allow Plaintiff's counsel to inspect any and all passports held by Steven M. Leff to verify his travel,

(f) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of what happened to the funds wired into NSA's escrow accounts as specified in the complaints of the Related Cases (as defined in the Third Declaration); including his account of all persons involved directly and tangentially, all bank accounts used and all travel related to the movement of these funds,

(g) ordering that the disclosures above shall be made immediately,

(h) ordering Defendant Steven M. Leff and his counsel Michael Soshnick to submit to depositions by Plaintiff AAMG's counsel, and

(i) ordering that the duties created under this order shall not be discharged until the truth of any statements made pursuant to this or any prior order of the Court in this case has been verified by Plaintiff, and that any contempt pursuant to this or any prior order of the Court in this case shall not be purged until the truth of any sworn statements purporting to purge such contempt has been verified by Plaintiff.

And Plaintiff AAMG and Defendants _____

having appeared before this Court on September ____, 2007; it is hereby

ORDERED that, the application for an Order holding Defendants Steven M. Leff and NSA in Contempt of the Order of Attachment is GRANTED; and it is further

ORDERED that Defendant Steven M. Leff is ordered confined at a suitable place until such time as he shall purge his Contempt of the Order of Attachment and any further orders of this court which he may violate, and it is further

ORDERED that the United States Marshal for the Southern District of New York take all necessary measures to effect service and enforcement of this confinement order in any district of the United States where Defendant Steven M. Leff may be found., and it is further

ORDERED that the United States Marshals Service, called upon to execute the terms of the attached Order, will be permitted to use the degree of force necessary to arrest and detain Defendant Steven M. Leff, and will be permitted to enter forcibly into the premises of Defendant Steven M. Leff's principal residence, if the defendant is reasonably believed to be inside and if requested access is withheld, and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220 and 18 U.S.C. § 401, Defendants Steven M. Leff and NSA shall FORTHWITH provide counsel to Plaintiff with

 (a) an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Ste-ven M. Leff or NSA has had an interest) in the last two years, and

 (b) an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant

Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest) in the last two years, and

(c) an affidavit, sworn by him, listing every stock or other business or investment interest held directly or indirectly, personally or in trust by Defendant Steven M. Leff or NSA in the last two years, other than those interests held via the accounts listed in accordance with section (a) of this order, and

(d) the registration and location information for his car and motorcycle described in the Prior Leff Affidavit so that they may be attached forthwith,

(e) credit card and bank records for any accounts held by him or for him, personally or in trust, directly or indirectly through any type of entity (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest), for the last two years,

(f) a detailed, sworn account of all of his travel anywhere outside of New York, New Jersey and Connecticut over the last two years, and allow Plaintiff's counsel to inspect any and all passports held by Steven M. Leff to verify his travel,

(g) a detailed, sworn account of what happened to the funds wired into NSA's escrow accounts as specified in the complaints of the Related Cases (as defined in the Third Declaration); including his account of all persons involved directly and tangen-

tially, all bank accounts used and all travel related to the movement of these funds, and it is further

ORDERED that the disclosures above shall be made immediately, and it is further

ORDERED that Defendant Steven M. Leff and his counsel Michael Soshnick shall submit on or before _____ to depositions by Plaintiff AAMG's counsel, and it is further

ORDERED that the duties created under this order shall not be discharged until the truth of any statements made pursuant to this or any prior order of the Court in this case has been verified by Plaintiff, and that any contempt pursuant to this or any prior order of the Court in this case shall not be purged until the truth of any sworn statements purport-ing to purge such contempt has been verified by Plaintiff.

ORDERED that those Defendants will be summarily held in contempt of this Order if they do not provide counsel to Plaintiff with the materials described above FORTHWITH, and it is further

ORDERED that, to purge themselves of such contempt, those Defendants shall FORTHWITH provide the materials described above to Plaintiffs and their counsel.

Dated: New York, New York
       September _____, 2007

_____
United States District Judge