UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABN AMRO MORTGAGE GROUP, INC.,

                        Plaintiff,

        - *against* -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF AND
RICHARD A. LEFF,

                      Defendants.

Case No. 07-CIV-7657

---

## THIRD MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER OF CIVIL CONTEMPT AND IN SUPPORT OF SUPPLEMENTAL DISCLOSURE ORDER

Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
(212) 701-3000

*Attorneys for Plaintiffs ABN AMRO Mortgage Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC., <br><br> Plaintiff, <br><br> - against - <br><br> NATIONAL SETTLEMENT AGENCY, INC., STEVEN M. LEFF, RACHEL M. LEFF AND RICHARD A. LEFF, <br><br> Defendants. | Case No. 07-CIV-7657 <br><br> **THIRD MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER OF CIVIL CONTEMPT AND IN SUPPORT OF SUPPLEMENTAL DISCLOSURE ORDER** |

Plaintiff ABN AMRO Mortgage Group, Inc. ("AAMG") respectfully submits this Third Memorandum of Law in support of its motion for an order to show cause why an order of civil contempt should not issue against Defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff, originally requested September 21, 2007 (the "Order to Show Cause") and why a Revised Supplemental Disclosure Order should not issue against the same. This memorandum addresses further facts that have come to light after the Order to Show Cause and the Order to Show Cause Why a Supplemental Disclosure Order Should Not Issue as Against Defendants Steven M. Leff and National Settlement Agency, Inc. (the "Second Order to Show Cause") were filed.[1]

---

[1] The facts summarized herein are drawn from the Amended Complaint filed September 14, 2007 and the September 21, 2007 Declaration of Thomas J. Kavaler ("Kavaler First Decl.") and the exhibits annexed thereto ("Kavaler First Ex."), the September 23, 2007 Further Declaration of Thomas J. Kavaler ("Kavaler Further Decl.") and the exhibits annexed thereto ("Kavaler Further Ex."), the September 28, 2007 Affidavit of Maura McLoughlin ("McLoughlin Afft.") and exhibits annexed thereto ("McLoughlin Ex.") and the September 28, 2007 Third Declaration of Thomas J. Kavaler ("Kavaler Third Decl.") and exhibits annexed thereto ("Kavaler Third Ex."). This memorandum makes reference to the Memorandum of Law filed by us with this Court on September 21, 2007 (the "First Memorandum") and the Second Memorandum of Law filed by us with this Court September 24, 2007 ("Second Memorandum").

-2-

On September 10, 2007, the Honorable Laura Taylor Swain, United States District Judge for the Southern District of New York, entered an order of attachment and preliminary injunction against NSA and Steven M. Leff (the "Order"). The Order, *inter alia*, ordered Defendants NSA and Steven M. Leff:

> pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220, on or before September 19, 2007, Defendants Steven M. Leff and NSA shall provide counsel to Plaintiff a sworn affidavit (1) enumerating in detail all of Defendant Steven M. Leff's and Defendant NSA's assets, including each and every bank account, investment interest, investment account, investment, commercial paper, parcel of property, motor vehicle, watercraft or other personal property of $10,000 of value or more, whether held personally or in trust, and the location and garnishee of each and (2) listing all persons, including accountants and financial advisors, with personal knowledge of any Defendant's assets and finances.

Defendants NSA and Steven M. Leff were properly served with the Order of Attachment via their attorneys, and thus were on notice of the September 19, 2007 deadline for delivery of the affidavit described above (the "Affidavit of Assets"). On September 21, 2007, not having received the Affidavit of Assets, Plaintiff AAMG filed the Order to Show Cause.

On the afternoon of September 21, 2007, shortly after Plaintiff filed the Order to Show Cause, Plaintiff's counsel Cahill Gordon & Reindel LLP received a facsimile transmission (the "Fax," Kavaler Further Ex. A) from Michael Soshnick, counsel to Defendant Steven M. Leff, and a telephone message from Mr. Soshnick (the "Phone Message," a transcript of which is Kavaler Further Ex. B). The Phone Message and the Fax collectively provided various purported excuses for Mr. Leff's failure to comply with the Order, requested that Plaintiff AAMG accept a facsimile of an affidavit of Steven M. Leff dated August 20, 2007 (the "August 20 Leff Affidavit"), included in the fax, as the Affidavit of Assets required by the Order and described the August 20 Leff Affidavit as "current". The August 20 Leff Affidavit described assets worth, by Plaintiff's count, less than $20,000.

On the afternoon of September 25, 2007, Plaintiff received another facsimile transmission from Mr. Soshnick with a new purported affidavit of Steven M. Leff (the "September 25 Leff Affidavit"), listing the same assets as the August 20 Leff Affidavit with the exception that a bank account (the "1256 Bank Account"), whose balance was listed in the August 20 Leff Affidavit as approximately $0, was listed in the September 25 Leff Affidavit as approximately $2.3 million. The September 25 Leff Affidavit was also filed with this Court the same day. Plaintiff's counsel immediately notified the United States Marshal to ask that the account be attached, and attempted yesterday to contact the bank, JPMorgan Chase Bank, N.A., ("Chase") to verify the attachment and the account balance. The Chase representative responded that the bank account in question did not exist, but that there was an account in the name of Mr. Leff with a similar number but the last two digits transposed. The balance in that account is $83.04, and has never been more than $100 since July 2007. On the afternoon of September 27, 2007, Plaintiff received yet another facsimile transmission from Mr. Soshnick with a new purported affidavit of Steven M. Leff (the "September 27 Leff Affidavit"), expanding the September 24 Affidavit with further disclosures purporting to comply with the Further Disclosure Order proposed by Plaintiff in its motion for an Order to Show Cause dated September 24, 2007. The September 27 Leff Affidavit, however, contains the same false disclosure concerning the 1256 Bank Account as did the September 24 Affidavit.

Mr. Leff has shown himself willing not only to violate this Court's orders but also to lie outright not only to Plaintiffs but also to this Court; the only possible goal of this behavior is to delay disclosure of the nature and location of his assets; the only possible purpose of such extreme tactics of delay is buy more time to make those assets disappear, to "transfer" and "secret" them, in violation of the Court's preliminary injunction. Furthermore, Mr. Leff's counsel Mr. Soshnick has provided material aid in these delaying tactics and has made false and misleading representations on Mr. Leff's behalf. For the reasons stated herein, Plaintiff reaffirms its

-4-

request that this Court (1) hold Defendants NSA and Steven M. Leff in civil contempt; (2) order Defendant Steven M. Leff to be arrested and imprisoned pursuant to that contempt until such time as he remedies that contempt by providing an Affidavit of Assets in compliance with the Order to Plaintiff and its counsel; (3) order Defendants Steven M. Leff and NSA, as a remedy for their contempt and pursuant to New York C.P.L.R. § 6220, to make the further disclosures described herein and (4) order Mr. Leff's counsel, Michael Soshnick, to submit to a deposition by Plaintiff's counsel.

## ARGUMENT

### I.

### DEFENDANTS' SUBMISSION OF THE PURPORTED AFFIDAVITS OF STEVEN DOES NOT CONSTITUTE COMPLIANCE WITH THE ORDER

As stated in the first memorandum of law, a party may be held in civil contempt for failure to comply with a court order when (1) the order being enforced is clear and unambiguous; (2) proof of non-compliance is clear and convincing, and (3) the party charged with contempt has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *See, e.g., Paramedics Electromedicina Comercial, Ltda.* v. *GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004); *Nat'l Basketball Ass'n* v. *Design Management Consultants, Inc.*, 289 F. Supp. 2d 373, 376 (S.D.N.Y. 2003); *King* v. *Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *Powell* v. *Ward*, 643 F.2d 924, 931 (2d Cir.), *cert. denied*, 454 U.S. 832 (1981).

It is not necessary to show that the violation of the order was willful, but rather simply that the party charged with contempt was not reasonably diligent in attempting to comply with the order. *See, e.g., Paramedics Electromedicina Comercial, Ltda,* 369 F.3d 645, 655; *McComb* v. *Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt. . . . Since the purpose is remedial, it matters not with what intent

the Defendant did the prohibited act."). Here, there is a clear and unambiguous Order that Defendants have violated by submitting two false and inconsistent affidavits. Through these false and misleading disclosures, Mr. Leff and NSA have quite clearly failed to be "reasonably diligent and energetic" in attempting to comply with the Court's order. Furthermore, although we have previously noted that a demonstration of Defendants' bad faith or willfulness is not required for civil contempt (*see, e.g. Paramedics Electromedicina Comercial, Ltda,* 369 F.3d 645, 655), these outright lies, mixed now with voluminous vague disclosures that appear to be part of a strategy of time-wasting and misdirection, are difficult to explain as anything other than willful violation of the Court's Order.

## II.

### THE COURT SHOULD GRANT PLAINTIFF'S REQUEST FOR SUPPLEMENTAL DISCLOSURE

Mr. Leff's disclosures describe millions of dollars worth of assets, but so far have proven to point to, by Plaintiff's count, about $20,000 or less of assets. United States Marshals have also attached a house of Mrs. Leff purported to be worth $1.5 million prior to any liens, and two bank accounts the total value of which Plaintiff has been told is less than $1000. There are $9.01 million of claims outstanding related to his admitted misappropriation of funds. A truthful, bona fide Affidavit of Assets in compliance with the Order may point towards more funds, but it appears at this time that the Affidavit of Assets ordered by the court was not sufficiently broad to allow Plaintiff AAMG to determine where Plaintiff's money went. Because Mr. Leff has already shown himself willing to purloin, secret and transfer funds, to violate the Court's clear order and to lie to Plaintiff and to this Court, and now appears to be engaged in a strategy of time-wasting and misdirection, Plaintiff AAMG must make this determination as soon as possible, in order to prevent any further secreting and transferring of its assets. It therefore requests a

-6-

further order (the "Revised Further Order"), revising and expanding the Further Order requested pursuant to its September 24, 2007 motion for an Order to Show Cause:

    (a)    ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest) in the last two years,

    (b)    ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every stock or other business or investment interest held directly or indirectly, personally or in trust by Defendant Steven M. Leff or NSA in the last two years, other than those interests held via the accounts listed in accordance with section (a) of this order,

    (c)    ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with the registration and location information for his car and motorcycle described in the August 20 Leff Affidavit so that they may be attached forthwith,

    (d)    ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with credit card and bank records for any accounts held by him or NSA or for him or NSA, personally or in trust, directly or indirectly through any type of entity, for the last two years,

    (e)    ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of all of his travel anywhere outside of New York, New Jersey and Connecticut over the last two years, and allow Plaintiff's counsel to inspect any and all passports held by Steven M. Leff to verify his travel,

    (f)    ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of what happened to the funds wired into NSA's escrow accounts as specified in the complaints of AAMG (Kavaler First Ex. A), IndyMac Bank (Kelley Ex. B), E*TRADE Savings Bank (Kelley Ex. C) and Lydian Private Bank (Kelley Ex. D); including his account of all persons involved directly and tangentially, all bank accounts used and all travel related to the movement of these funds,

    (g)    ordering that the disclosures above shall be made immediately,

    (h)    ordering Defendant Steven M. Leff and his counsel Michael Soshnick to submit to depositions by Plaintiff AAMG's counsel, and

      (i)      ordering that the duties created under this order shall not be discharged until the truth of any statements made pursuant to this or any prior order of the Court in this case has been verified by Plaintiff, and that any contempt pursuant to this or any prior order of the Court in this case shall not be purged until the truth of any sworn statements purporting to purge such contempt has been verified by Plaintiff.

Plaintiff AAMG requests that the above disclosures be made forthwith. This request is justified. Given the lapse of time since the original Order and the failure of Mr. Leff and NSA to comply with that Order, and the lies and apparent chicanery that Mr. Leff has engaged in since Plaintiff filed its motion for Contempt, there is no time to waste; Defendant's actions in the last week suggest an intent to delay disclosure until he has completed the secreting or transfer of the assets in question. Plaintiff AAMG needs to figure out what Defendants' assets are, where they are and/or where they went, as soon as possible to prevent that from happening. Given that time is of the essence, Mr. Leff should be ordered to make all of the above disclosures forthwith in order to purge his contempt.

The requirements of this additional disclosure, while more onerous than those of the original Order, are within the ambit of C.P.L.R. § 6220 and within court's power to craft equitable remedies to remedy contempt of its orders, and are entirely justified by Mr. Leff's lies, misdirection and time-wasting, and the secreting and transfer of assets which these behaviors are likely in aid of. Disclosures concerning the assets at the heart of this case and the related cases are the most direct way of determining where the $9.01 million of assets Mr. Leff is accused of misappropriating went. Because certain of Mr. Leff's associates believe he engaged in business travel to the Caribbean, his travel records also relate directly to the question of what his assets are and where they are. Because Mr. Leff has already proven himself perfectly willing to lie to Plaintiff and to the Court, his sworn statement cannot in itself be accepted as compliance; therefore, it is not sufficient to order that he make these sworn disclosures, but that his duties of disclosure shall not be complete until those disclosures can be verified.

-8-

The deposition of Mr. Soshnick is also necessary at this time. Mr. Soshnick has not only been the conduit of false and misleading information from Mr. Leff but in effect vouched for that information or purported to make disclosures on Mr. Leff's behalf. Through this activity and by his accepting blame for lateness and pleading for time on his client's behalf, furthering his client's tactics of delay, Mr. Soshnick has both made himself an appropriate target of the court's sanctions and has put at issue what he knows about Mr. Leff's assets and Mr. Leff's fraudulent efforts to protect those assets from any future judgment of this court. Privilege does not extend to the counseling of fraudulent schemes. *See, e.g., In re Richard Roe, Inc.,* 68 F.3d 38, 40 (2d Cir. 1995).

For these reasons, Plaintiff requests that the Court hold Steven M. Leff and NSA in Contempt of its Order and order the immediate arrest of Steven M. Leff, and grant the Revised Further Order and that the required date for compliance with this Revised Further Order be immediate, and that Plaintiff's contempt in this case shall not be purged until the required disclosures are made and can be verified, counsel materials in compliance with this Revised Further Order immediately upon its issue, Defendants should be held in contempt of this Further Order, and a warrant for Mr. Leff's arrest should issue forthwith.

## CONCLUSION

The motion to hold Defendants NSA and Steven M. Leff in contempt and the motion for the further disclosure order described herein should be granted, and if Defendants do not comply forthwith, the Court should issue a warrant for the arrest and imprisonment of Steven M. Leff pending his and NSA's compliance with the Order.

Dated:   New York, New York
         September 28, 2007

CAHILL GORDON & REINDEL LLP

By: _____
Thomas J. Kavaler
David N. Kelley
80 Pine Street
New York, New York   10005
(212) 701-3000

*Attorneys for Plaintiff ABN AMRO
Mortgage Group, Inc.*