UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABN AMRO MORTGAGE GROUP, INC.,

                              Plaintiff,

    -against-                                     07-CIV-7657

                                                         REPLY DECLARATION

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF and
RICHARD A. LEFF,

                              Defendant.
------------------------------------------------------------------X

      MICHAEL L. SOSHNICK, an attorney duly admitted to the practice of law before this Court, hereby declares under penalty of perjury, pursuant to 28 U.S.C. section 1746, as follows:

      1.    I am counsel for the defendant, Steven M. Leff, and I make this declaration in support of defendant's opposition to a motion by plaintiff for an order directing supplemental disclosure and the submission to a deposition by declarant in furtherance of that disclosure. The first request is without merit and the second is frivolous.

      2.    The facts set forth in this declaration are based upon all the proceedings heretofore had in this matter, as well as upon personal knowledge and information and belief, the source of which is my client.

      3.    Pursuant to plaintiff's earlier application, this Court issued an order

directing that certain disclosure be made by defendant by September 19, 2007. Declarant having been both preparing for trial, and actually engaged therein, in the matter of United States v. Jeffrey Musumeci, 07-CR-402, before the Hon. Richard M. Berman in United States District Court for the Southern District of New York, in the days preceding the disclosure deadline, failed to timely respond to the Court's order. That trial ended, in fact, on the very day this Court's order was to be answered, September 19, 2007. Two (2) days later, realizing that the time had passed while I was preoccupied with the trial of a man facing substantial mandatory incarceration, and aware that the failure to respond to the Court's order was wholly unrelated to conduct on the part of my client, I sought to comply within the spirit of the law, if not the letter. I corresponded with plaintiff's counsel and offered defendant's earlier affidavit in response to the disclosure demand. It had been provided to an identically situated plaintiff and contained the information I believed was responsive to plaintiff's disclosure requests. I further advised him that the financial affidavit was current, as it was, and still is. I offered this financial affidavit as a stopgap measure to assist plaintiff's discovery, as required and to which he was entitled, and to avoid a harm to my client for which he was not responsible. Plaintiff's counsel told me that I was too late, that he had already moved that very day for a contempt citation. It was the eve of Yom Kippur; I am observant; and, there was nothing that could be done expeditiously.

    4.    Several days after Yom Kippur, on September 25, 2007, I submitted essentially the same affidavit, this time with the proper caption for AAMG as plaintiff. It differed from the one previously sent only in that Mr. Leff provided the name of his

accountant, from whom it was claimed all details of defendant's assets and finances could be obtained, and it was more detailed as to the amount reflected in the JP Morgan Chase account dyslexically numbered 091361821256, instead of "**65**". Instead of indicating $0, as previously, it now reflected a "current balance of -$2,3000,000.00." For clarity, although it would seem that no clarity is required, that's "**minus** two million, three hundred thousand dollars", not a positive two million plus. This is the amount the bank itself listed in this account when access was obtained online. The amount was given to plaintiff's counsel in the negative in order to aid his understanding, not in aid of obfuscation. After all, the minus sign is plain. It cannot be properly viewed as a "dash" because it appears in a complete sentence. It is not part of a list in which a dash would denote an item to follow as opposed to the minus sign which it is. There was, effectively, less than zero in the account because there were liens against it. Plaintiff readily discovered the transposition of account numbers and the zero balance without ever, inexplicably, noticing the "minus sign".

    5.    Counsel seeks to enlarge this molehill by asserting that declarant's behavior and representations were intentionally deceptive. This would seem to be a manifestation of some form of projection. Any reasonable attorney should arguably have understood the constraints a trial imposes upon sole practitioners like your declarant. Any reasonable attorney should arguably have understood that declarant's first call was to facilitate the provision of information. Similarly, one so situated should arguably have realized that nothing substantial whatsoever changed within the four (4) affidavits that defendant eventually provided, save for the provision of increasing amounts of detail as

required. Since there had been no change in defendant's financial situation, no change in finances was reported. Even the delay of six (6) days in provision of the September 25 affidavit was insignificant in light of declarant's circumstances. When counsel declined to withdraw the motion for contempt upon provision of the September 25 affidavit, your declarant produced yet another, dated September 27, that sought to deal with counsel's objection that insufficient detail had been provided. Following appearance and argument before the Court on plaintiff's motion, in response to the Court's order of September 28 clarifying the extent of detail required of defendant's response, defendant produced the final affidavit of October 3 that was fully compliant. As a result, since the purpose of civil contempt is not punishment, but rather an inducement to compliance, plaintiff's counsel has now abandoned his original request for an order of contempt. That final affidavit, although concededly more detailed in response to the Court's order, does not differ in its recitation of defendant's assets. Thus, nothing was ever being concealed from plaintiff's counsel by either declarant or his client. Declarant has been willing from the very first, in the face of time constraints beyond his control and disclosure demands from plaintiff that did not set forth with clarity the specificity required of defendant's responses, to provide answers to all of plaintiff's questions as they were framed from time to time. It is a purely fantastical construct, fueled by his own misreading, that leads plaintiff's counsel to make wholly unwarranted claims that declarant has, in effect, intentionally conspired with defendant to further the original fraud.

6. In any case, notwithstanding that the request for an order of contempt has been withdrawn by letter dated October 5, 2007, plaintiff's counsel still insists that he is

entitled to two (2) remedies for a harm emanating from his own imagination. There having been no provision of misleading information, save for his own self-deception caused by, at minimum, a negligent reading of the Leff affidavit, plaintiff's counsel asks this Court to grant relief from a harm that never occurred. He wants to depose declarant on aspects of a fraud conspiracy between declarant and defendant that his own evidence fails to establish ever existed; and, because of that imagined conspiracy, he wants yet more disclosure than that directed by the Court on September 28 and already provided by defendant.

7. There is simply no basis set forth by plaintiff for the relief requested. Moreover, the Court has already directed that the deposition of Mr. Leff, scheduled for October 10, go forward. The additional disclosure sought by plaintiff's motion can, theoretically at least, be obtained during the deposition. As a caveat, however, I would point out that, as revealed by me at the September 28 hearing, Mr. Leff's criminal defense counsel has advised me and defendant that, in light of an ongoing criminal investigation into Mr. Leff's conduct, said counsel would advise defendant to refuse to answer questions on Fifth Amendment grounds to the extent that he might properly do so. Inferentially, defendant would then decline, on the same basis, to comply with any further disclosure that might be ordered by this Court pursuant to plaintiff's current request. I would submit that, at a minimum, defendant may assert the privilege with respect to any disclosure demanded beyond that already provided, if not with respect to any repeat of answers already given as well.

WHEREFORE, for all the reasons set forth in this declaration and the accompanying memorandum of law, this Honorable Court should deny plaintiff's request for relief.

Dated: Mineola, New York
October 8, 2007

Respectfully submitted

*/s/ Michael L. Soshnick*

Michael L. Soshnick
Counsel for Steven M. Leff
190 Willis Avenue
Suite 112
Mineola, New York 11501
(516) 294-1111

Case No. 07-CIV-7657

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ABN AMRO MORTGAGE GROUP, INC.,

                              Plaintiff,

   - against -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF and
RICHARD A. LEFF,

                              Defendants.

-------------------------------------------------------------------X


REPLY DECLARATION


**MICHAEL L. SOSHNICK, ESQ.**
Attorney for Defendant

Office and Post Office Address, Telephone

190 WILLIS AVENUE
SUITE 112
MINEOLA, NEW YORK 11501
(516) 294-1111