UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                 Plaintiff,

        -against-                                    07-CIV-7657

                                                     MEMORANDUM OF LAW

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF and
RICHARD A. LEFF,

                                 Defendants.
----------------------------------------------------------------X

## PRELIMINARY STATEMENT

Counsel respectfully submits this memorandum of law in support of defendant Steven M. Leff's opposition to plaintiff's motion for an order directing supplemental disclosure and the submission to a deposition by defendant's counsel in furtherance of that disclosure. The factual allegations in support of this opposition are contained in the accompanying declaration of counsel and in the extant record of the case to date.

## ARGUMENT

As set forth in counsel's declaration of facts, plaintiff's factual claims regarding his and defendant's conduct are erroneous and wholly unsupported by the record. There was insignificant delay and absolutely no evidence that any false information was provided either by defendant or his counsel. Accordingly, none of the requested relief can be granted since there is a failure to establish a harm that warrants relief.

The attorney-client privilege is designed to promote unfettered communication between attorneys and their clients so that the attorney may give fully informed legal advice. The protection afforded this privilege is crucial to the functioning of our system of justice. Thus, the limited exceptions to the privilege, such as the crime-fraud exception, should not be framed so broadly as to vitiate the protection the privilege affords. **In re Richard Roe, Inc.**, 68 F.3d 38, 40 (2d Cir. 1995). The crime-fraud exception to the attorney-client privilege requires "…that a party seeking to invoke the crime-fraud exception must at least demonstrate that there is probable cause to believe that a crime or fraud has been attempted or committed and that the communications were in furtherance thereof." **Id.**, at 40. In other words, "…the exception applies only when the court determines that the client communication or attorney work product in question was itself in furtherance of the crime or fraud." **Id.**, at 40. This must relate to "contemplated or ongoing criminal or fraudulent conduct". **Id.**, at 40. This would require that false information knowingly be provided by the client or counsel that is purposely intended to deceive the recipient so as to defeat the litigation and render the success of the underlying fraud more likely. Knowingly declaring that a person has no assets when, in fact, he does would be the perfect example. Query what fraud has been demonstrated here? Regarding what assets is there probable cause to believe that a deception was attempted? Where is the evidence that an asset has been knowingly secreted, and lied about, by either defendant or his counsel? The florid imaginings of plaintiff's counsel regarding a bank account in which there was, in fact, no money simply do not suffice. Plaintiff's claim devolves into nothing more than the assertion that the act of defending the lawsuit in question is itself in furtherance of the fraud, a theory that

would allow discovery of everything prepared in defense of litigation, a view expressly rejected by the court in **In re Richard Roe, Inc.**, 168 F.3d 69 (2d Cir. 1999).

Regarding this Court's power to direct further disclosure in furtherance of discovery, it is clear that this is essentially a matter of discretion. In the instant case, in the exercise of that discretion, the Court previously ordered further disclosure that was provided by defendant's October 3 affidavit. Plaintiff here seeks more, but his request is contingent upon erroneous contentions regarding the conduct of defendant and his counsel. That being the sole basis provided for further disclosure, no further disclosure ought to be directed by this Court.

## CONCLUSION

For the reasons set forth in this memorandum of law and in the accompanying declaration, it is counsel's position that the Court should issue an order denying the further disclosure requested by plaintiff.

Dated: Mineola, New York
October 8, 2007

Respectfully submitted

Michael L. Soshnick
Attorney for Steven M. Leff
190 Willis Avenue
Suite 112
Mineola, New York 11501
(516) 294-1111

To:    Hon. Laura Taylor Swain
       United States District Court
       Southern District of New York
       500 Pearl Street
       New York, New York 10007

       Thomas J. Kavaler, Esq.
       David N. Kelley, Esq.
       Cahill Gordon & Reindel LLP
       80 Pine Street
       New York, New York 10005

       VIA ECF

Case No. 07-CIV-7657

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABN AMRO MORTGAGE GROUP, INC.,

                        Plaintiff,

   - against -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF and
RICHARD A. LEFF,

                        Defendants.

---

## MEMORANDUM OF LAW

---

**MICHAEL L. SOSHNICK, ESQ.**
Attorney for Defendant

Office and Post Office Address, Telephone

190 WILLIS AVENUE
SUITE 112
MINEOLA, NEW YORK 11501
(516) 294-1111