UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ABN AMRO MORTGAGE GROUP, INC.,

                      Plaintiff,

- against -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF AND
RICHARD A. LEFF,

                      Defendants.

Case No. 07-CIV-7657 (LTS)

**(PROPOSED) SUPPLEMENTAL
DISCLOSURE ORDER
AS AGAINST DEFENDANTS
STEVEN M. LEFF AND
NATIONAL SETTLEMENT
AGENCY, INC.**

      Upon the Order to Show Cause of Plaintiff ABN AMRO Mortgage Group Inc. ("AAMG") dated September 28, 2007, the Declaration of Thomas J. Kavaler dated September 21, 2007, the Further Declaration of Thomas J. Kavaler dated September 23, 2007 (the "Second Declaration"), the Third Declaration of Thomas J. Kavaler dated September 28, 2007 (the "Third Declaration"), the Memorandum of Law in support of said Order to Show Cause dated September 21, 2007, the Second Memorandum of Law in support of said Order to Show Cause dated September 23, 2007 and the Third Memorandum of Law in support of said Order to Show Cause dated September 28, 2007, and due deliberation being had thereon;

      And Plaintiff having filed an Amended Complaint on September 14, 2007;

      And the Court having previously, pursuant to its Order of September 10, 2007 (the "September 10 Order"), determined that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. §§ 6201(3) and 6212: (a) plaintiff has causes of action whereby it has demanded and would be enti-

tled to a money judgment against the named defendants in the amount of $2,261,744.10, plus interest, costs, disbursements, and fees; (b) it is probable that the plaintiff will succeed on the merits of its claims against Defendants; (c) Defendants, with intent to defraud the plaintiff or frustrate the enforcement of a judgment that might be rendered in the plaintiff's favor, have assigned, disposed of, and secreted property, and are about to continue such acts; and (d) the amount demanded from Defendants exceeds all counterclaims known to the plaintiff; and having issued the September 10 Order for the foregoing reasons;

And Plaintiff having filed the Order to Show Cause on September 28, 2007 requiring Defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff (collectively, "Defendants") to show cause why an order of civil contempt and arrest warrant for Defendant Steven M. Leff, and a further disclosure order should not issue:

(a)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest) in the last two years,

(b)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every stock or other business or investment interest held directly or indirectly, personally or in trust by Defendant Steven M. Leff or NSA in the last two years, other than those interests held via the accounts listed in accordance with section (a) of this order,

(c)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with the registration and location information for his car and motorcycle described in the August 20 Leff Affidavit (as defined in the Third Declaration) so that they may be attached forthwith,

(d)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with credit card and bank records for any accounts held by him or NSA

or for him or NSA, personally or in trust, directly or indirectly through any type of entity (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest), for the last two years,

(e) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of all of his travel anywhere outside of New York, New Jersey and Connecticut over the last two years, and allow Plaintiff's counsel to inspect any and all passports held by Steven M. Leff to verify his travel,

(f) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of what happened to the funds wired into NSA's escrow accounts as specified in the complaints of the Related Cases (as defined in the Third Declaration); including his account of all persons involved directly and tangentially, all bank accounts used and all travel related to the movement of these funds,

(g) ordering that the disclosures above shall be made immediately, and

(h) ordering Defendant Steven M. Leff and his counsel Michael Soshnick to submit to depositions by Plaintiff AAMG's counsel;

And Plaintiff AAMG having submitted a letter to this Court dated October 5, 2007, withdrawing its motion that Defendants NSA and Steven M. Leff be held in contempt and revising its motion for a revised disclosure order to include an order:

(a) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest) in the last five years other than those already disclosed for the past two years,

(b) ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with an affidavit, sworn by him, listing every stock or other business or investment interest held directly or indirectly, personally or in trust by Defendant Steven M. Leff or NSA in the last five years, other than those interests held via

-3-

the accounts listed in accordance with section (a) of this order and interests already disclosed for the last two years,

(c)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with credit card and bank records for any accounts held by him or NSA or for him or NSA, personally or in trust, directly or indirectly through any type of entity (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest), for the last five years,

(d)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of all of his travel anywhere outside of New York, New Jersey and Connecticut over the last two years, and allow Plaintiff's counsel to inspect any and all passports held by Steven M. Leff to verify his travel,

(e)  ordering Defendant Steven M. Leff to provide counsel to Plaintiff AAMG with a detailed, sworn account of what happened to the funds wired into NSA's escrow accounts as specified in the complaints of the Related Cases (as defined in the Third Declaration); including his account of all persons involved directly and tangentially, all bank accounts used and all travel related to the movement of these funds,

(f)  ordering Defendant Steven M. Leff's counsel Michael Soshnick to submit to a deposition by Plaintiff AAMG's counsel,

(g)  ordering that Defendant Steven M. Leff shall provide to Plaintiff's counsel an accounting (the "Accounting") of the personal finances of himself, his wife and his children and the entities, such as business entities and trusts, that they control (collectively, the "Persons"), on an annual basis for the calendar years 2000 through 2006 and monthly beginning in January 2007. The Accounting shall be supported by credit card and bank and investment account statements; the Accounting shall be tied to and corroborated by tax returns if possible; the Accounting shall account for all assets which the Persons have had a beneficial interest in or control of in the relevant periods; the Accounting shall state all assets in the form of a balance sheet at the beginning of each period and all income and expenses in the period; no single item of income, expense or transfer (or group of items of income, expense or transfer within the same month to the same payor, payee, transferor or transferee) in excess of $2,000 shall be omitted from the Accounting; no asset of value in excess of $5,000 shall be omitted from the Accounting, and

(h)  ordering that Defendant Steven M. Leff shall, until judgment is rendered in this case or this order is revoked, provide to Plaintiff's counsel on or before the tenth day of each calendar month an account of his income and expenses and transfers of any kind for the prior calendar month, including any income, expenses, transfers of assets or gifts-in-kind of $50 or greater value. Income or ex-

penses or transfers from or to any given person on any given day shall be aggregated for the purposes of determining whether they constitute one or multiple items. Each statement shall be signed by Defendant Steven M. Leff and notarized.

And Plaintiff AAMG and Defendants Steven Leff, Richard Leff and Rachel Leff having appeared before this Court on October 9, 2007; it is hereby

ORDERED that, pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6220 and the Court's inherent authority to remedy past violations of its orders, Defendants Steven M. Leff and NSA shall on or before 5pm on October 23, 2007 provide counsel to Plaintiff with

(a)   account numbers for all of the accounts listed in Defendant Steven M. Leff's most recent affidavit of assets dated October 2, 2007;

(b)   an affidavit, sworn by him, listing every bank account, brokerage account, or other investment account, by institution name and account number, held by Defendant Steven M. Leff or NSA (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest) in the last five years other than those already disclosed for the past two years;

(c)   an affidavit, sworn by him, listing every stock or other business or investment interest held directly or indirectly, personally or in trust by Defendant Steven M. Leff or NSA in the last five years, other than those interests held via the accounts listed in accordance with section (a) of this order and interests already disclosed for the last two years;

(d)   credit card and bank records for any accounts held by him or NSA or for him or NSA, personally or in trust, directly or indirectly through any type of entity (including all accounts in the name of Steven M. Leff or NSA, held in trust by or for Steven M. Leff or NSA, and any accounts in which Steven M. Leff or NSA has had an interest), for the last five years;

(e)   a detailed, sworn account of all of his travel anywhere outside of New York, New Jersey and Connecticut over the last two years, and allow Plaintiff's counsel to inspect any and all passports held by Steven M. Leff to verify his travel; and

(f)   a detailed, sworn account of what happened to the funds wired into NSA's escrow accounts as specified in the complaints of the Related Cases (as defined in the Third Declaration); including his account of all persons involved

directly and tangentially, all bank accounts used and all travel related to the movement of these funds. And it is further

ORDERED that ~~Defendant Steven M. Leff's counsel Michael Soshnick shall submit to a deposition by Plaintiff AAMG's counsel at ____ on October ____, 2007 at _____; and it is further~~ *without prejudice to renewal of application*

ORDERED that on or before 5pm on October 23, 2007, Defendant Steven M. Leff shall provide to Plaintiff's counsel a signed and notarized accounting (the "Accounting") of the personal finances of himself, his wife and his children and the entities, such as business entities and trusts, that they control (collectively, the "Persons"), on an annual basis for the calendar years 2000 through 2006 and monthly beginning in January 2007. The Accounting shall be supported by credit card and bank and investment account statements; the Accounting shall be tied to and corroborated by tax returns if possible; the Accounting shall account for all assets which the Persons have had a beneficial interest in or control of in the relevant periods; the Accounting shall state all assets in the form of a balance sheet at the beginning of each period and all income and expenses in the period; no single item of income, expense or transfer (or group of items of income, expense or transfer within the same month to the same payor, payee, transferor or transferee) in excess of $2,000 shall be omitted from the Accounting; no asset of value in excess of $5,000 shall be omitted from the Accounting; and it is further

ORDERED that Defendant Steven M. Leff shall, until judgment is rendered in this case or this order is revoked, provide to Plaintiff's counsel on or before the tenth day of each calendar month an account of his income and expenses and transfers of any kind for the prior calendar month, including any income, expenses, transfers of assets or gifts-in-kind of $250 or greater value. Income or expenses or transfers from or to any given person on any given day shall be aggregated for the purposes of determining whether they constitute one or multiple items. Each statement shall be signed by Defendant Steven M. Leff and notarized.

Dated: New York, New York
       October 9, 2007

_____
United States District Judge