UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ABN AMRO MORTGAGE GROUP, INC.,

       Plaintiff,

    -v-

NATIONAL SETTLEMENT AGENCY, INC.
et al.,

       Defendants.

----------------------------------------------------------x



No.  07 Civ. 7657 (LTS)(GWG)

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

On August 28, 2007, Plaintiff ABN AMRO Mortgage Group, Inc. ("Plaintiff"), filed

the above-captioned action against Defendants National Settlement Agency, Inc., Steven M. Leff,

Rachel M. Leff, and Richard A. Leff, alleging that Defendants, holding themselves out as mortgage

brokers, wrongfully appropriated funds entrusted to them by Plaintiff for their own use.  Plaintiff

now moves under Rule 55 of the Federal Rules of Civil Procedure for entry of a default judgment

against two Defendants, National Settlement Agency, Inc. ("NSA") and Steven M. Leff ("Steven

Leff"), and an award of judgment in the total amount of $2,261,744.10, plus prejudgment interest

from September 13, 2007, against the same.  For the following reasons, Plaintiff's motion for

default is granted and the Clerk of Court shall enter judgment against Defendants NSA and Steven

Leff.

## BACKGROUND

Plaintiff is in the business of originating and servicing residential mortgage loans.

Plaintiff alleges, and has proffered evidence, that NSA agreed to serve as Plaintiff's closing agent for seven mortgage loans whose closings were scheduled to occur from April to July 2007. (Aff. of Lorie Miller dated August 28, 2007, ¶ 3.)  For each mortgage loan transaction, Plaintiff was to wire funds into one of NSA's escrow accounts, and NSA was to use such funds solely to pay off existing liens and make other payments at closing in accordance with Plaintiff's instructions.  (Id.; see, e.g., id. Ex. B.)  Payees for each of the seven mortgage loans were not paid, and Plaintiff has previously served and filed an affidavit listing the relevant parties for each loan and the specific monetary amounts that were entrusted to NSA and not paid in accordance with Plaintiff's instructions.  (Id. ¶¶ 6, 10-28.)  Steven Leff, President of NSA, acted as a closing agent for each of these transactions. (Id. ¶¶ 2, 10-28.)  Plaintiff seeks $2,261,744.10 in damages, representing the total amount wrongfully appropriated by Defendants as set forth in the Amended Complaint and in Ms. Miller's affidavit.

Plaintiff served the summons and complaint and its Amended Complaint on NSA and Steven Leff on September 13, 2007.  Neither defendant has filed an answer to the Amended Complaint and the time for NSA and Steven Leff to do so has expired.  NSA has yet to appear in the action.  On October 9, 2007, the Court issued an Order allowing Plaintiff to file the instant motion for default judgment as against NSA and Steven Leff.  Plaintiff filed its motion, with proof of service, on October 15, 2007.  Defendants NSA and Steven Leff have not responded to date.

## DISCUSSION

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party

would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). The Court finds that all three factors weigh in favor of granting Plaintiff's request for default judgment.

NSA's non-appearance in the action and both NSA's and Steven Leff's failure to respond to the Amended Complaint and the instant motion practice indicate willful conduct. Further, the Court is unable to determine whether these defendants have a meritorious defense to Plaintiff's allegations because they have presented no such defense to the Court. None of the affidavits or declarations submitted by Steven Leff through his attorney in connection with the various orders to show cause entered by the Court specifically addresses the substantive legal claims against Steven Leff. (See Docket Entry Nos. 31, 50, 52, 57.) Thus, Plaintiff's allegations are deemed admitted. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Finally, denying the motion would be unfairly prejudicial to Plaintiff, because NSA has failed to respond or appear, and Steven Leff has failed to plead or defend in response to any of the substantive allegations in Plaintiff's Amended Complaint. Pursuant to Rule 55(a), the Court may enter default due to this failure. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Accordingly, Plaintiff's motion for default judgment is granted.

Ms. Miller's affidavit and the Amended Complaint specifically describe the seven mortgage loan agreements involved in this case as well as the specific monetary amounts wrongfully withheld by the defendants in connection with each transaction, all of which support Plaintiff's request for the entry of judgment in the total amount of $2,261,744.10. The Court finds

that there is no just reason for the delay of entry of judgment as against these two defendants, in that they have defaulted willfully and sums certain are sought. See Fed. R. Civ. P. 54(b). Accordingly, judgment shall be entered against Defendants National Settlement Agency, Inc. and Steven M. Leff, jointly and severally, in the amount of $2,261,744.10, plus prejudgment interest at the rate of 9% from September 13, 2007, to date (totaling $35,692.18), for a total judgment of $2,297,436.28.

     SO ORDERED.

Dated: New York, New York
     November 16, 2007

LAURA TAYLOR SWAIN
United States District Judge