Thomas J. Kavaler
David N. Kelley
CAHILL GORDON & REINDEL LLP
80 Pine Street, New York, New York
Telephone: (212) 701-3000

*Attorneys for Plaintiff ABN AMRO Mortgage Group, Inc.*

Jonathan B. Bruno, Esq.
KAUFMAN BORGEEST & RYAN LLP
9 Park Avenue, 19th Floor
New York, New York 10016

*Attorneys for Defendant Richard A. Leff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC., <br><br>                       Plaintiff, <br><br>         *- against -* <br><br> NATIONAL SETTLEMENT AGENCY, INC., <br> STEVEN M. LEFF, RACHEL M. LEFF AND <br> RICHARD A. LEFF, <br><br>                     Defendants. | Case No. 07-CIV-7657 (LTS) <br><br> **PRELIMINARY PRE-TRIAL STATEMENT** |

       The Honorable Laura Taylor Swain having issued an Initial Conference Order on August 31, 2007 and the parties having met and conferred on November 8, 2007 as directed by that Order, the remaining parties currently litigating this case agree as follows:

a.  Nature of the Action

       This is an action to recover damages and/or restitution from Defendants National Settlement Agency, Inc. ("NSA") and certain of its principals and/or employees (collec-

- 2 -

tively, the "Defendants") based on Defendants' alleged misappropriation of moneys that Plaintiff ABN AMRO Mortgage Group, Inc. ("AAMG") wired into NSA's escrow accounts for the purpose of making mortgage loans.

b.  Jurisdiction of the Court

Plaintiff asserts that jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff alleges that the amount in controversy exceeds the sum of seventy-five thousand dollars, exclusive of interest and costs, and that venue in this court is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District

c.  Uncontested Facts

Counsel to Richard A. Leff will not dispute that he is a lawyer and that he was an employee of NSA.

d.  Undisputed Legal Issues

There are no undisputed legal issues.

e.  Legal Issues to be Decided by the Court

Given Plaintiff's allegations that a lawyer was required to supervise NSA's business and that Defendant Richard A. Leff was held out to be the lawyer who would supervise NSA's business, whether Richard A. Leff is liable for the misappropriation alleged in the complaint — either because he allegedly supervised the affairs of NSA or because he did not.

- 3 -

f.   Statements of Material Disputed Facts

       <u>Plaintiff's Statement:</u> Plaintiff alleges that no less than $2,261,744.10 of its funds were misappropriated and its instructions to NSA to perfect liens were not given effect. Plaintiff alleges that NSA performed services for it that required the oversight of an attorney. Plaintiff alleges that Defendant Richard A. Leff acted as the head attorney for NSA, whose president, Steven Leff, was no longer an attorney. Plaintiff alleges that in or about June 2007, Defendants represented to AAMG that Defendant Richard A. Leff would supervise the activities of NSA as head attorney of NSA, and that but for these representations, upon which AAMG reasonably relied, AAMG would not have agreed to have NSA act as its closing agent.

       Plaintiff alleges that Defendant Richard A. Leff was aware that NSA was providing services to AAMG that required the oversight of an attorney, and that Richard A. Leff did not intend at the time of the representations described above to supervise the activities of NSA as required by law.

       <u>Defendant's Statement:</u> Defendant Richard A. Leff denies all purported facts alleged in the complaint other than the facts that he is an attorney and was an employee of NSA.

g.   Legal Basis of Each Cause of Action

       FIRST CLAIM FOR RELIEF: Breach of Contract

       Defendant Richard Leff is not currently named in Plaintiff's first claim.

- 4 -

SECOND CLAIM FOR RELIEF: Conversion

"The tort of conversion is established when one who owns and has a right to pos-
session of personal property proves that the property is in the unauthorized possession of
another who has acted to exclude the rights of the owner. . . . Where the property is
money, it must be specifically identifiable and be subject to an obligation to be returned
or to be otherwise treated in a particular manner." *Key Bank of New York* v. *Grossi*, 227
A.D.2d 841, 642 N.Y.S.2d 403 (2d Dep't 1996) *citing Republic of Haiti* v. *Duvalier*, 211
A.D.2d 379, 384, 626 N.Y.S.2d 472 (2d Dep't 1995).

AAMG entrusted funds to Defendants for the express and sole purpose of having
NSA disburse those funds pursuant to AAMG's instructions in connection with certain
mortgages.

Rather than disbursing the funds to the payees designated by AAMG, Defendants,
on information and belief, individually and jointly exercised dominion and control over
AAMG's funds by using those funds for their own purposes and interests.

Defendants had no legal, equitable, or other right to use the funds for anything
other than disbursement in connection with the mortgages in accordance with AAMG's
instructions.

As a result of this conversion, AAMG has been damaged in a sum to be proven
upon the trial of this matter, but believed to be no less than $2,261,744.10.

- 5 -

THIRD CLAIM FOR RELIEF: Fraud

Under New York law, the elements of a fraud claim are: (1) that the defendant made a material false representation, (2) that the defendant intended to defraud the plaintiff thereby, (3) that the plaintiff reasonably relied upon the representation, and (4) that the plaintiff suffered damage as a result of such reliance. *See Manning* v. *Utils. Mut. Ins. Co.,* 254 F.3d 387, 400 (2d Cir.2001).

Defendants agreed to conduct the above-described mortgage closings for AAMG while having no present intention actually to close the mortgages according to AAMG's instructions.

Plaintiff alleges that Defendants thereby knowingly and intentionally misrepresented to AAMG that they would disburse funds as instructed and perfect first liens in favor of AAMG.

Plaintiff alleges that Defendant Richard A. Leff, with the knowledge and assent of the other defendants, agreed to serve as head attorney of NSA and represented that his actions in that capacity would satisfy the requirements of New York State Judiciary Law § 478 while having no present intention actually to supervise those tasks performed on behalf of AAMG that required attorney supervision.

Plaintiff alleges that Defendants thereby knowingly and intentionally misrepresented to AAMG that Richard A. Leff would supervise those tasks performed on behalf of AAMG that required attorney supervision.

- 6 -

Defendants made these misrepresentations with the intent to induce AAMG into wiring funds into one of the Escrow Accounts so that they could convert those funds to their own uses, purposes, and interests.

Reasonably relying upon these material misrepresentations, AAMG wired funds into one of NSA's Escrow Accounts to be disbursed by Defendants at the mortgage closings pursuant to AAMG's instructions.

Plaintiff alleges that Defendants, as was their intention when they agreed to act as a closing agent for AAMG, did not disburse the funds according to AAMG's instructions and did not perfect first liens in favor of AAMG according to those instructions, and thereby damaged AAMG in an amount to be determined upon the trial of this matter, but believed to be no less than $2,261,744.10.

FOURTH CLAIM FOR RELIEF: Breach of Fiduciary Duty

An agency relationship is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act. *See Maurillo* v. *Park Slope U-Haul*, 194 A.D.2d 142, 606 N.Y.S.2d 243 (2d Dep't 1993). An agency relationship gives rise to a fiduciary duty to obey instructions. *See* N.Y. Jur. § 204. An agent is under the duty to act with reasonable diligence in fulfilling its fiduciary obligation. *See* N.Y. Jur. § 206. Where a breach of the fiduciary duty occurs, the agent is liable for damages caused to the principal. *See Cristallina S.A.* v. *Christie, Manson & Woods Intern., Inc.*, 117 A.D.2d 284, 502 N.Y.S.2d 165 (1st Dep't 1986).

- 7 -

Having undertaken to act and having acted as AAMG 's closing agents in connection with the above-described mortgages, Defendants owed a fiduciary duty to AAMG to perform their closing functions with care, skill, and diligence.

Defendants breached their fiduciary duty by converting the funds that had been wired in trust into one of the Escrow Accounts.

Defendants breached their fiduciary duty by drawing checks which were dishonored, or checks that were never delivered to the designated payees, and failing to draw checks only upon good funds.

Defendants breached their fiduciary duty by failing to supervise those under their control who contributed to AAMG's losses.

Defendants breached their fiduciary duty by failing to perfect first liens in favor of AAMG.

These breaches of fiduciary duty were the proximate cause of AAMG's losses, in an amount to be determined upon the trial of this matter, but believed to be no less than $2,261,744.10.

FIFTH CLAIM FOR RELIEF: Negligence

Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach. *See Lombard* v. *Booz Allen & Hamilton, Inc.,* 280 F.3d 209 (2d Cir. 2002) *citing Merino* v. *New York City Transit Auth.,* 218 A.D.2d 451, 639 N.Y.S.2d 784, 787 (N.Y.App.Div.1996). Failure to exercise reasonable care will constitute a breach of duty

- 8 -

supporting a negligence claim. *See, e.g., Bell* v. *New York City Transit Authority*, 21 A.D.3d 299, 801 N.Y.S.2d 3 (1st Dep't 2005).

Defendants jointly and severally owed a duty to AAMG to ensure that the funds entrusted to Defendants for disbursement at the mortgage closings described herein were in fact present in the accounts upon which checks were drawn, to ensure that all necessary checks were drawn and delivered to the designated payees at or immediately after closing and to ensure that a first lien in favor of AAMG was perfected.

Defendants breached this duty by not ensuring that sufficient funds were available in NSA's Escrow Accounts to cover the checks drawn by Defendants at the closings described herein, by failing to deliver checks to the designated payees and by failing to perfect first liens in favor of AAMG.

As a proximate result of this breach of the duty of care, AAMG has been damaged in an amount to be determined upon the trial of this matter, but believed to be no less than $2,261,744.10.

SIXTH CLAIM FOR RELIEF: Professional Negligence as against Richard A. Leff

An attorney is negligent where he fails to exercise the skill commonly exercised by an ordinary member of the legal community. Malpractice will be found where the attorney was negligent, the attorney's negligence was the proximate cause of the plaintiff's damages, and the plaintiff suffered actual damages as a direct result of the attorney's actions. *See Shopsin* v. *Siben & Siben*, 268 A.D.2d 578, 702 N.Y.S.2d 610 (2d Dep't 2000).

- 9 -

In serving as head attorney of NSA, defendant Richard A. Leff owed a duty to AAMG to supervise those tasks performed on behalf of AAMG that required attorney supervision.

Defendant Richard A. Leff breached this duty by not supervising those tasks performed on behalf of AAMG that required attorney supervision.

As a proximate result of this breach of the duty of care, AAMG has been damaged in an amount to be determined upon the trial of this matter, but believed to be no less than $2,261,744.10.

SEVENTH CLAIM FOR RELIEF: Unjust Enrichment

A claim of unjust enrichment requires a showing that (1) defendant was enriched (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit defendant to retain what is sought to be recovered. *See Lake Minnewaska Mountain Houses Inc.* v. *Rekis*, 259 A.D.2d 797, 686 N.Y.S.2d 186 (3d Dep't 1999).

On information and belief, Defendants wrongfully benefited from AAMG's wiring of mortgage disbursement funds to them by enjoying portions of those funds for their own personal uses, purposes, and interests.

None of the Defendants was an intended beneficiary of AAMG's mortgage disbursement funds.

In equity and good conscience, Defendants must return AAMG's funds.

- 10 -

As a result of this unjust enrichment, AAMG is entitled to restitution in an amount to be proven upon the trial of this matter, but believed to be no less than $2,261,744.10.

EIGHTH CLAIM FOR RELIEF: Money Had and Received

A claim for money had and received requires a showing that: (1) defendant received money belonging to plaintiff; (2) defendant benefited from the receipt of the money; and (3) under principles of good conscience defendant should not be allowed to retain that money. *See Board of Educ. of Cold Spring Harbor Cent. School Dist.* v. *Rettaliata*, 78 N.Y.2d 128, 138, 572 N.Y.S.2d 885, 576 N.E.2d 716 (N.Y. 1991).

Defendants received from AAMG an amount to be determined upon the trial of this matter, but believed to be no less than $2,261,744.10.

That money should have been paid to AAMG's designated beneficiaries.

Not having been paid to AAMG's designated beneficiaries, that money still belongs to AAMG and AAMG is legally and equitably entitled to its return.

It is against equity and good conscience to allow Defendants to retain that money.

AAMG has entitled to restitution in an amount to be proven upon the trial of this matter, but believed to be no less than $2,261,744.10.

h.  Legal Basis for Richard A. Leff's Defenses

    1.    The Plaintiff's Complaint fails to state a cause of action for which relief may be granted against Richard A. Leff.  Rule 12(b)(6).

- 11 -

2.  Richard A. Leff is not liable for the acts or omissions of third persons or entities
    over which he exercised no direction or control. *See Pulka* v. *Edelman*, 40
    N.Y.2d 781, 786, 390 N.Y.S.2d 393, 397, 358 N.E.2d 1019, 1022 (1976); *Purdy*
    v. *Public Adm'r of County of Westchester*, 72 N.Y.2d 1, 8, 530 N.Y.S.2d 513,
    516, 526 N.E.2d 4, 7 (1988).

3.  The Plaintiff's purported breach of contract claim must be dismissed pursuant to
    the Statute of Frauds. N.Y. Gen. Oblig. Law § 5-701(a)(1)

4.  Richard A. Leff owed no duty of care to Plaintiff and was not the proximate
    cause of the Plaintiff's alleged damages. *See Akins v. Glens Falls City School
    Dist.*, 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981); *Lerner v. Fleet
    Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006); *Cramer v. Devon Group, Inc.*, 774
    F. Supp. 176, 184–185 (S.D.N.Y. 1991).

5.  The Plaintiff's Complaint fails to comport with Rule 9(b) and should be dis-
    missed.

6.  The Plaintiff's Complaint fails to establish that Richard A. Leff's conduct fell be-
    low the applicable standard of care.

7.  The Plaintiff's Complaint fails to join persons needed for just adjudication. Rule
    12(b)(7); Rule 19.

8.  The Plaintiff's Complaint fails to establish actionable damages resulting from
    Richard A. Leff's alleged acts/omissions. *Akins v. Glens Falls City School Dist.*,
    53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981).

- 12 -

9.      Richard A. Leff never exercised dominion and control over of the missing funds, nor did he exclude Plaintiff from exercising its rights over the funds. *See Thyroff v. Nationwide Mut. Ins. Co.,* 460 F.3d 400, 403–04 (2d Cir. 2006).

10.     Richard A. Leff never made any misrepresentation or omission of fact to plaintiff with knowledge of its falsity and the intent to defraud. *See Crigger v. Fahnestock & Co.,* 443 F.3d 230, 234 (2d Cir. 2006).

11.     Richard A. Leff was never in possession of the missing funds and, therefore, was never enriched by any of the funds, not did he ever enjoy any portions of those funds for his own personal use. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004).

12.     Richard A. Leff was never in possession of missing funds nor did he ever have authority or control over the direction of those funds. *See Parsa v. State,* 64 N.Y.2d 143,  148, 485 N.Y.S.2d 27, 29–30, 474 N.E.2d 235, 237–238 (1984).

i.   Measure of Proof as to Plaintiff's Claims and Defendant's Defenses

Plaintiff AAMG must prove all elements of the causes of action that it asserts by a preponderance of the evidence, except it must prove fraud by clear and convincing evidence.  Defendant Richard A. Leff must prove all of his affirmative defenses by a preponderance of the evidence.

- 13 -

j.  Amendments to Pleadings

Neither of the parties anticipates any amended pleadings at this time.  The parties agreed to a deadline for any amended pleadings of December 31, 2007.

k.  Transfer to Magistrate

The parties do not consent to transfer of the case to a magistrate judge for any purposes other than supervision of discovery.

l.  Fed. R. Civ. P. 26(a)

The parties agreed to make all required disclosures pursuant to Rule 26(a)(1) on or before November 28, 2007.

m.  Disclosure Subjects and Cut-Off

The parties agree that it should be possible to complete discovery in 6 months, by June 1, 2008.

n.  Expert Evidence and Expert Discovery

The parties agree that it is too early to tell if expert witness testimony will be necessary.

- 14 -

o.  Limitations on Discovery

   The parties do not currently request that any changes be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of Court.

p.  Settlement

   The parties have discussed the possibility of settlement and cannot currently agree to settle this action nor do they believe settlement is likely.

q.  Jury Trial

   Plaintiff has claimed a jury trial and is not prepared to waive it at this time. Plaintiff believes that it is too early to tell what evidence will be presented at trial and precisely how long the presentation of evidence will take but believes that its case will not exceed three days.  Defendant Richard Leff anticipates that it will take 7 days to complete a trial.

r.  Other Orders

   The parties expect to propose a protective order covering any information which may be confidential, such as borrower loan files.

- 15 -

Dated: New York, New York
       November 27, 2007

By: _s/ Thomas J. Kavaler_
    Thomas J. Kavaler
    David N. Kelley
    CAHILL GORDON & REINDEL LLP
    80 Pine Street
    New York, New York 10005

    *Attorney for Plaintiff ABN AMRO Mortgage*
    *Group, Inc.*

By: _Jonathan Bruno_
    Jonathan B. Bruno, Esq.
    KAUFMAN BORGEEST & RYAN LLP
    9 Park Avenue, 19th Floor
    New York, NY 10016

    *Attorneys for Defendant Richard A. Leff*