UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABN AMRO MORTGAGE GROUP, INC.,

                           Plaintiff,

- against -

NATIONAL SETTLEMENT AGENCY, INC.,
STEVEN M. LEFF, RACHEL M. LEFF, AND
RICHARD A. LEFF,

                           Defendants.

---

**MEMO ENDORSED**

07-CV-7657 (LTS/GWG)

**AFFIDAVIT OF PLAINTIFF'S COUNSEL IN RESPONSE TO ORDER TO SHOW CAUSE**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
#:
FILED MAY 3 0 2008

STATE OF NEW YORK  )
                           : ss.:
COUNTY OF NEW YORK  )

THOMAS J. KAVALER, being first duly sworn, deposes and says:

1.    I am a member of the bar of this Court and of the firm of Cahill Gordon & Reindel LLP, attorneys for plaintiff herein.

2.    I make this affidavit in response to the Order to Show Cause entered by the Court on or about May 27, 2008 directing plaintiff "to show cause, in a declaration or other written response filed with the Court and served on Rachel Leff's counsel of record, with a courtesy copy provided for Chambers no later than June 6, 2008, why this action should not be dismissed without prejudice in its entirety or placed on the suspense calendar."

3.    Plaintiff has no objection to this matter being placed on the suspense calendar.

4.    Plaintiff originally sued Steven M. Leff, National Settlement Agency, Inc., Rachel M. Leff and Richard A. Leff. This Court has entered final judgments against Steven M. Leff and National Settlement Agency, Inc. Rachel M. Leff commenced a proceeding pursuant to

Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York on or about November 8, 2007 and, accordingly, this action was and remains stayed as to her by operation of law.

5. The sole remaining defendant is Richard A. Leff. After I engaged in extensive negotiations with Richard A. Leff's counsel, plaintiff entered into a tolling agreement with Richard A. Leff whereby and whereunder this action would be dismissed without prejudice as against Richard A. Leff only, subject to plaintiff's right to reinstate it or commence a new action against Richard A. Leff under certain circumstances. Under other circumstances, the action will be dismissed as against Richard A. Leff with prejudice. To effect that possible result, I have delivered in escrow to Mr. Leff's counsel a stipulation dismissing this action as against Richard A. Leff with prejudice which he may become authorized to file pursuant to the terms of the escrow under which he holds that document.

6. While the terms of the tolling agreement would allow plaintiff to commence a new action against Richard A. Leff should the Court dismiss this action without prejudice, it would be more convenient and less expensive for all concerned if plaintiff could simply reactivate this action as against Richard A. Leff should that become appropriate. Accordingly, plaintiff would prefer that the case be placed on the Court's suspense calendar rather than dismissed in its entirety without prejudice.

7. In any event, the action should not under any circumstances be dismissed without prejudice as against Steven M. Leff or National Settlement Agency, Inc., as the Court has already entered a final judgment against those defendants. At most, the action should be dismissed without prejudice as against Rachel M. Leff and Richard A. Leff. While, as stated above, plaintiff prefers that this case be placed upon the suspense calendar of this Court, plaintiff would not object to such a dismissal without prejudice as against Rachel M. Leff and Richard A. Leff if that is the Court's preference.

Thomas J. Kavaler

Sworn to before me this
28th day of May, 2008.

_____
Notary Public

ROSE BASSO
Notary Public, State of New York
No. 24-4742693
Qualified in Kings County
Commission Expires June 5, 2011

In light of the foregoing, this case is dismissed without prejudice as against the remaining defendants, Rachel Leff and Richard Leff. The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

5/29/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

-3-